(38 Misc. Rep. 151.)°

## In re BAKER'S ESTATE.

(Surrogate's Court, Monroe County. May, 1902.)

TRANSFER TAX—PROPERTY SUBJECT.

> An antenuptial agreement provided that the subsequent husband should give to his wife, in lieu of her renunciation of dower and all her rights as widow, a fixed sum, should she survive him. Held, that such amount was not, upon his death, subject to the transfer tax.

In the matter of the appraisal of the estate of Henry B. Baker, deceased. Decree taxing certain parts of the estate entered.

The decedent died intestate July 25, 1901. On November 24, 1899, the decedent made an antenuptial agreement with Dora Johnston. It was in writing, and provided, among other things: "Third. In case said party of the second part shall survive the said party of the first part, he hereby agrees to make provision by his last will and testament, or otherwise, that she shall have and receive out of his estate the sum of twenty ($20,000) thousand dollars, with interest from the date of his decease, in consideration of said marriage, and also in lieu of dower and of all rights as widow in his estate; and, in case no such provision is made as aforesaid, then such sum is to be paid out of his estate, at all events, by those who shall administer the same." There was also a provision that "said provisions so made as herein specified shall be in full satisfaction of her dower in his estate, and of all rights as widow in his estate, and shall bar her from claiming the same if she shall survive him after said marriage; and, further, if the said marriage shall be had, and she shall survive him, that she will not claim any share in his personal estate, other than said provisions so made as herein specified, unless some part thereof shall be given her by his will, or act done by him subsequent to the execution of these presents." The parties were married January 11, 1900. The widow was allowed by the surrogate, as a claim against the estate, the sum of $10,000 upon said antenuptial agreement; being said $20,000 mentioned in said agreement, less an insurance policy of $10,000, which, by agreement between the widow and next of kin, was allowed thereon.

William T. Plumb, for state comptroller.
Charles M. Williams, for widow.
Hiram R. Wood, for next of kin.

BENTON, S. The agreement between Dora H. Johnston and Henry B. Baker made in contemplation of marriage between them,

was a contract founded upon an ample consideration for the promise of the deceased. Peck v. Vandemark, 99 N. Y. 29, 35, 1 N. E. 41. The agreement is not a grant conveying a present interest in property. Johnston v. Spicer, 107 N. Y. 185, 195, 13 N. E. 753. Nor is it testamentary in its character. A suit will lie upon its breach for damages. See cases above cited; Vogel v. Vogel's Adm'r, 22 Mo. 161. It is a debt, within the meaning of the usual clause in a will directing the payment of debts, and the executor may pay it as such. Warner v. Warner, 18 Abb. N. C. 151. It is not made in contemplation of death, but of marriage. That in this particular case one of the parties to the contract becomes entitled to its consideration upon the death of the other, and so "enters into the possession or enjoyment thereof" at or after such death, is but an incident of, and not of the essence of, the contract. The time of payment of the consideration is fixed at death, but it would be equally valid if fixed at some other period or time, and in either case the consideration is none the less a debt payable from the estate of the deceased. The contention that this is a transfer by sale, intended to take effect in possession or enjoyment at or after death, would apply equally to a note made payable after the death of the maker; yet such note is entirely valid and enforceable against the personal representatives of the deceased for its face and interest. Hegeman v. Moon, 131 N. Y. 462, 30 N. E. 487. Mrs. Baker is entitled to the payment of the consideration of that contract for the purposes of this proceeding, $10,000, with interest thereon from the date of Mr. Baker's death, and without diminution, for such is the obligation of that contract. But the transfer tax law makes the transferee personally liable for such tax until its payment. Section 222. I doubt if Mrs. Baker could be held to a personal obligation to pay such tax, because she is entitled, under that contract, to the full payment of its consideration.

For all these reasons, it seems to me that the $10,000 of the consideration of said antenuptial agreement now payable from the estate of Henry B. Baker is not subject to tax under the transfer tax law of this state. A decree may be entered accordingly, but taxing the remainder of the estate going to the sister of Mr. Baker at 1 per cent., which would appear to be about $12,333.55. Decreed accordingly.