BEALS, Plaintiff, vs. THE STATE, Defendant.

*April 2—May 22, 1909.*

*Constitutional law: Distribution of governmental powers: Judicial powers: Assessment of inheritance tax: Recovery of tax paid: Construction of provisions of inheritance tax law: Taxation: Nature and power: Extent of power: Uniformity of taxation.*

1. The order of a county court fixing the amount of inheritance tax and assessing the same against a decedent's estate is not *res adjudicata* on that question, requiring review by appeal directly therefrom, and barring the prosecution of an independent action to recover an unlawful imposition paid under protest.

2. The inheritance tax law is a law providing for the levying of a state tax, and while matters connected with determining the

value of the estate and assessment of the tax thereon are matters closely connected with the settlement of the estate and
properly committed to the county court, which acts thereon in
a judicial manner, nevertheless such acts of the county court
are but steps in the enforcement of a tax law of the state rather
than judgments in judicial controversies.

3. Inheritance taxation is constitutional on the ground that it is
an excise taxation levied on the transfer of property and not
on the property itself, and hence not subject to the rule of uniformity as applied to taxation of property, but subject alone
to the general rule of uniformity—the law must operate alike
on all persons similarly situated.

4. While by the words used in secs. 2, 3, ch. 44, Laws of 1903, transfers of property not exceeding $25,000 in value are taxed and
no specific provision appears for taxation of the transfer of the
first $25,000 of an estate exceeding that sum, other sections of
the law justify a construction demonstrating a legislative intent to tax the first $25,000, except exemptions, in all estates,
great or small, thereby making the statute reasonable and free
from unjust discriminations.

5. The legislature is not limited to the levying of excise taxes upon
privileges, transactions, or occupations which it alone authorizes and which it can entirely abolish, but may levy excise taxes ·
upon the transfer or devolution of property.

6. The right to receive property by inheritance or will is an inherent
right, subject to reasonable regulation and taxation, but not to
abrogation by the legislature.

7. Sec. 1, art. VIII, Const., does not limit taxation to property only,
and hence the legislature may levy excise taxes upon privileges,
occupations, business transfers, or transactions.

8. In taxing property there can be no classification which interferes
with substantial uniformity of rate based on value.

9. In excise taxation there may be proper classification and different rates applied to different classes; the term "uniformity
of taxation" meaning simply taxation which acts alike on all
persons similarly situated.

10. The inheritance tax levied by ch. 44, Laws of 1903, is not a tax
upon property or property rights, but is purely an excise tax
levied upon the "transfer" or transaction, and merely measured
in amount by the amount of property transferred.

11. Neither the classification between relatives in various degrees
and strangers nor the progressive features of the inheritance
tax law (ch. 44, Laws of 1903) violate the true principles of
classification, and that act does not violate the constitutional
mandate of uniformity as applied to property taxation.

    TIMLIN, J., dissents.

ACTION commenced in this court against the state.   *Dismissed.*

For the plaintiff there were briefs by *Winkler, Flanders, Bottum & Fawsett,* and oral argument by *J. G. Flanders* and *C. F. Fawsett.*   They contended, *inter alia,* that the addition to the tax assessed upon the plaintiff of any amount computed on the first $25,000 of the transfer was unwarranted by the terms of the law.   The language of the statute is unambiguous, and hence the rule applies that it is only where the language of the statute is fairly capable of two or more meanings that any latitude of construction is allowable.   *Mundt v. S. & F. du L. R. Co.* 31 Wis. 451; *Gilbert v. Dutruit,* 91 Wis. 661; *State ex rel. Heiden v. Ryan,* 99 Wis. 123; *Rossmiller v. State,* 114 Wis. 169; *Hoffmann v. Milwaukee E. R. & L. Co.* 127 Wis. 76, 81; *Mason v. Ashland,* 98 Wis. 540; Sutherland, Stat. Constr. (1st ed.) secs. 153, 157, 216; *Woodbury v. Berry,* 18 Ohio St. 456; *People ex rel. Plattsburgh v. Williams,* 47 App. Div. 88, 93.   Courts cannot supply omissions in legislation in order to afford relief because they are supposed to exist.   It is because of the legal uncertainty as to what the legislature might have said, where there is an entire omission to express in words a thought or an idea complete in itself and not necessarily controlled by anything it *has* said, that the rule is practically universal that a *casus omissus* in a statute will never be supplied by the courts.   *U. S. v. U. P. R. Co.* 91 U. S. 72, 85; *Hobbs v. McLean,* 117 U. S. 567, 579; *Newhall v. Sanger,* 92 U. S. 761, 765; *U. S. v. Goldenberg,* 168 U. S. 95, 103; *Barnitz's Lessee v. Casey,* 7 Cranch, 456, 468; *Denn v. Reid,* 10 Pet. 524, 527; *Dewey v. U. S.* 178 U. S. 510, 521; *Blair v. Adams,* 59 Fed. 243, 247; *Salomon v. Salomon,* [1897] A. C. 22, 38; *U. S. v. Trans-Missouri F. Asso.* 166 U. S. 290, 318; *State v. Lancashire F. Ins. Co.* 66 Ark. 466; *Tynan v. Walker,* 35 Cal. 634; *Encking v. Simmons,* 28 Wis. 272, 276; *Comstock v. Bechtel,* 63 Wis. 656; *Harrington v. Smith,* 28 Wis. 43; *Regina v.*

*Comm'rs,* Potter's Dwarris, 195; *King v. Burrell,* 12 Ad. & El. 460, 468; *Lamond v. Eiffe,* 3 Q. B. 910; *Everett v. Wells,* 2 Scott, N. R. 525, 531; Dwarris, Statutes, 721; *Gwynne v. Burnell,* 1 Scott, N. R. 711, 739; *Buffham v. Racine,* 26 Wis. 449; *Rossmiller v. State,* 114 Wis. 169, 178. In construing laws it is the duty of the courts to effect the intention of the legislature, but this intention is to be searched for in the words the legislature has employed to convey it. The legislative intention must be derived from the words of the act and not from conjectures *aliunde.* *Schooner Paulina's Cargo v. U. S.* 7 Cranch, 52, 60; *Gardner v. Collins,* 2 Pet. 58, 86; *U. S. v. Goldenberg,* 168 U. S. 95, 103; *Burnham v. Milwaukee,* 98 Wis. 128, 132; *Phipps v. Wis. Cent. R. Co.* 133 Wis. 153. Any ambiguity in the law as to the amount of the tax imposed upon a given class must be resolved in favor of the class on whom the burden is imposed. It is the established rule of construction in construing a tax law which does not operate equally upon the people of the state at large, but only upon particular classes, that any ambiguity in the law as to the amount of tax imposed upon a given person or class must be resolved in favor of the class or citizen upon whom the burden is imposed. Dwarris, Statutes, 742, 749; *Gurr v. Scudds,* 11 Exch. 190; *U. S. v. Wigglesworth,* 2 Story, 369; *U. S. v. Watts,* 1 Bond, 580; *Fox's Adm'rs v. Comm.* 16 Grat. 1; *Partington v. Att'y Gen.* L. R. 4 H. L. 100, 122; *Hale's Estate,* 161 Pa. St. 181, 182, 28 Atl. 1071; *Eidman v. Martinez,* 184 U. S. 578. It is generally held that the rule of construction applicable to exceptions from the operation of a special tax law, such as the inheritance tax, is exactly opposite to that applicable to exemptions from general laws imposing taxes upon the people generally. *Lambard, Appellant,* 88 Me. 587; *Citizens' Nat. Bank v. Sharp,* 53 Md. 521; *Matter of Vassar,* 127 N. Y. 1, 12; *Matter of Enston,* 113 N. Y. 174; *U. S. v. Wigglesworth,* 2 Story, 369, 373. The right of the owner, upon his death, to trans-

mit his property to his heirs or devisees, and the right of such heirs or devisees, which thereupon immediately accrues, to receive the property, are property rights protected by all the guaranties of the constitution for the security of private property. The higher tax imposed upon the right to take a larger estate merely because it is larger is a violation of the uniformity rule of the state constitution provided by sec. 1, art. VIII. *Gelsthorpe v. Furnell,* 20 Mont. 299, 39 L. R. A. 170, 175; 27 Am. & Eng. Ency. of Law (2d ed.) 634; 23 Am. & Eng. Ency. of Law (2d ed.) 261; Cooley, Const. Lim. 58, 262; *Henshaw v. Foster,* 9 Pick. 312, 316; *State ex rel. Zillmer v. Kreutzberg,* 114 Wis. 530; *Chicago & W. I. R. Co. v. E. C. R. Co.* 115 Ill. 375, 385; *Rigney v. Chicago,* 102 Ill. 64, 77; *Eaton v. B. C. & M. R. Co.* 51 N. H. 504, 511; *Morrison v. Semple,* 6 Binn. 94, 98; *Gulf, C. & S. F. R. Co. v. Fuller,* 63 Tex. 467, 469; *Soulard v. U. S.* 4 Pet. 511, 512; *Bank of Toledo v. Toledo,* 1 Ohio St. 622, 661, 662; *Central R. Co. v. State Board,* 48 N. J. Law, 1; *In re Parrott,* 1 Fed. 481, 506; *Harbison v. Knoxville I. Co.* 103 Tenn. 421, 53 S. W. 955, 56 L. R. A. 316; *St. Louis v. Hill,* 116 Mo. 527, 533, 22 S. W. 861, 21 L. R. A. 226; *Pell v. Ball,* Speers Eq. 48, 83; *Kingsley v. Merrill,* 122 Wis. 185; *Allen v. Allen,* 114 Wis. 615, 626, 627; 1 Cooley, Taxation, 17; *Wis. Cent. R. Co. v. Taylor Co.* 52 Wis. 37, 87; *State ex rel. v. Ferris,* 53 Ohio St. 314, 30 L. R. A. 218, 222; *Exchange Bank v. Hines,* 3 Ohio St. 1; 27 Am. & Eng. Ency. of Law (2d ed.) 605, 606. No case can be found anywhere in this country in which a progressive tax, graded according to the amount of the estate, has been sustained except upon the theory that the right to transmit or to receive property by inheritance is not a natural right, but a privilege granted by the legislature, and therefore not property within the meaning of the uniformity rule of the various state constitutions in relation to taxation of property. *Kochersperger v. Drake,* 167 Ill. 122; *Magoun v. Ill. T. & S. Bank,* 170 U. S. 283; *State v. Clark,* 30 Wash.

439, 71 Pac. 20; *Brown v. Elder,* 32 Colo. 527, 77 Pac. 853; *State ex rel. v. Ferris,* 53 Ohio St. 314; *Coal Co. v. Rosser,* 53 Ohio St. 12, 29 L. R. A. 386; *Estate of Cope,* 191 Pa. St. 1, 45 L. R. A. 316; *State ex rel. Garth v. Switzler,* 143 Mo. 287, 40 L. R. A. 280, 290; 27 Am. & Eng. Ency. of Law (2d ed.) 601, 602; *Matter of Swift,* 137 N. Y. 77, 83; *Knowlton v. Rock Co.* 9 Wis. 410; *Weeks v. Milwaukee,* 10 Wis. 242; *Lumsden v. Cross,* 10 Wis. 282; *State ex rel. Att'y Gen. v. W. L. & F. R. P. Co.* 11 Wis. 35, 40; *State ex rel. Reedsburg Bank v. Hastings,* 12 Wis. 47; *Slauson v. Racine,* 13 Wis. 398, 405. The power of taxation is an incident of sovereignty and needs no justification except the necessity of raising revenue for public purposes. But a law which cannot be upheld as a proper exercise of the taxing power cannot be helped out by the police power, unless it was intended as a police regulation and is within the legitimate scope of the police power. *State v. Donaldson,* 41 Minn. 74; *Huber v. Merkel,* 117 Wis. 355, 366; *State ex rel. Zillmer v. Kreutzberg,* 114 Wis. 530, 540; *State v. Heinemann,* 80 Wis. 253, 256; *Lawton v. Steele,* 152 U. S. 133, 137. A law which is in violation of the spirit of the constitution is without the power of the legislature and void, notwithstanding it may not conflict with the literal rule of any specific provision. *Janesville v. Carpenter,* 77 Wis. 288, 303; *Durkee v. Janesville,* 28 Wis. 464; *Bull v. Conroe,* 13 Wis. 233; *State ex rel. Kellogg v. Currens,* 111 Wis. 431, 435; *State v. Redmon,* 134 Wis. 89.

The *Attorney General* and *Russell Jackson,* deputy attorney general, for the defendant, contended, *inter alia,* that this court has no jurisdiction of the subject matter of the action. It can acquire jurisdiction of the subject matter of this action only through successive appeals from the county and circuit courts to this court. *State ex rel. Att'y Gen. v. Portage City W. Co.* 107 Wis. 441; *Weigley v. Coffman,* 144 Pa. St. 489; *Foster v. The Richard Busteed,* 100 Mass. 409; *Mc-*

*Neeley v. Hyde,* 46 La. Ann. 1083; *Withers's Adm'r v. Sims,* 80 Va. 651; *Hungerford v. Cushing,* 8 Wis. 324; *Reed v. Jones,* 15 Wis. 40; *Atkinson v. Richardson,* 15 Wis. 594; *Ryan v. Martin,* 18 Wis. 672; *Roberts v. Weadock,* 98 Wis. 400, 405; *Jackson ex dem. Grignon v. Astor,* 1 Pin. 137; *Att'y Gen. ex rel. Cushing v. Lum,* 2 Wis. 507; *Gale v. Best,* 20 Wis. 44; 26 Am. & Eng. Ency. of Law (2d ed.) 488; *Raymond v. State,* 54 Miss. 562; *State v. Lancaster Co. Bank,* 8 Neb. 218; *Chicago, M. & St. P. R. Co. v. State,* 53 Wis. 509; *State ex rel. Hovey v. Noble,* 118 Ind. 350; *Att'y Gen. v. McDonald,* 3 Wis. 805; *Janesville v. Carpenter,* 77 Wis. 288, 301; *Berrett v. Oliver,* 7 Gill & J. 191; *People ex rel. Butler v. Saginaw Co.* 26 Mich. 22; *Taylor v. Place,* 4 R. I. 324, 253; *Tate's Ex'rs v. Bell,* 4 Yerg. 202; *Bates v. Kimball,* 2 D. Chip. 77; *Ervine's Appeal,* 16 Pa. St. 256; *Watkins v. Lessee of Holman,* 16 Pet. 25, 60, 61; *Prentis v. Atlantic C. L. Co.* 211 U. S. 210, 226. The general understanding of a law and constant practice under it for a long period by all the officers of government whose duty it has been to execute it, unquestioned by any suit brought or public or private action instituted to test or settle its construction in the courts, is very strong, if not conclusive, evidence of its true meaning and application and that they are such as it has received. *Scanlan v. Childs,* 33 Wis. 663; Cooley, Const. Lim. (5th ed.) 84; *Faribault v. Miscner,* 20 Minn. 396; *Harrington v. Smith,* 28 Wis. 43; *Wright v. Forrestal,* 65 Wis. 341, 348, 349; *Dean v. Borch'senius,* 30 Wis. 236; *Bloxham v. Consumers' E. L. & S. R. Co.* 36 Fla. 519, 541; *Westbrook v. Miller,* 56 Mich. 148. The conclusion reached by this court in the *Nunnemacher Case* (129 Wis. 190) as to the validity of succession taxes under constitutional provisions similar to ours is in perfect harmony with the current of authority elsewhere, although the reasoning by which it is supported is somewhat at variance therewith. *In re Wilmerding,* 117 Cal. 281; *In re Stanford,* 160 Cal. 112; *In re Magnes,* 32

Colo. 527; *Gallup's Appeal,* 76 Conn. 617; *Hopkins's Appeal,* 77 Conn. 644; *Billings v. Illinois,* 188 U. S. 97; *Walker v. People,* 192 Ill. 106; *Herriott v. Potter,* 115 Iowa, 648; *State v. Hamlin,* 86 Me. 495; *Tyson v. State,* 28 Md. 577; *State v. Dalrymple,* 70 Md. 294; *Pingree v. Auditor Gen.* 120 Mich. 95; *Stellwagen v. Wayne Probate Judge,* 130 Mich. 166; *Gelsthorpe v. Furnell,* 20 Mont. 299; *State ex rel. Slabaugh v. Vinsonhaler,* 74 Neb. 675, 105 N. W. 472; *Executors of Eury v. State,* 72 Ohio St. 448; *In re Lipschitz,* 14 N. Dak. 622, 95 N. W. 157; *Grossman v. Hancock,* 58 N. J. Law, 139; *In re Hoffman,* 143 N. Y. 327; *In re Vanderbilt,* 172 N. Y. 69; *Finnen's Estate,* 196 Pa. St. 72; *State v. Alston,* 94 Tenn. 674; *Dixon v. Ricketts,* 26 Utah, 215; *In re Joyslin's Estate,* 76 Vt. 88; *Peters v. Lynchburg,* 76 Va. 927; *State v. Clark,* 30 Wash. 439; *Knowlton v. Moore,* 178 U. S. 41; *Snyder v. Bettman,* 190 U. S. 249; *Plummer v. Coler,* 178 U. S. 115, 131; *Vanderbilt v. Eidman,* 196 U. S. 480, 490; *Magoun v. Ill. T. & S. Bank,* 170 U. S. 283; *Kochersperger v. Drake,* 167 Ill. 122; *Clark v. Titusville,* 184 U. S. 329; *Nettleton's Appeal,* 76 Conn. 235; *Bridgeport T. Co.'s Appeal,* 77 Conn. 657; *In re Estate of McGhee,* 105 Iowa, 9; *Herriott v. Bacon,* 110 Iowa, 342; *Gilbertson v. McAuley,* 117 Iowa, 522; *South Carolina v. U. S.* 199 U. S. 437, 458.

WINSLOW, C. J.    The plaintiff, having paid a large inheritance tax under protest, presented her claim to the legislature for a refund of the tax on the ground that the inheritance tax law was unconstitutional.    The claim was rejected, and she now brings action in this court under the terms of sec. 3200, Stats. (1898), to recover the tax so paid, and the state demurs to her complaint.    At the threshold of the case the state claims that the order of the county court of Milwaukee county fixing the amount of the tax and assessing the same against the estate is *res adjudicata* on the question and that the plaintiff

should have appealed directly therefrom, and hence cannot prosecute this independent action. We do not regard this point as well taken. The inheritance tax law is a law providing for the levying of a state tax. For very palpable reasons of convenience some of the matters concerning the administration of the law are committed to the county court in which the estate is being administered. Among these matters are the determining of the value of the estate and the assessment of the tax thereon. While these matters are closely connected with the settlement of the estate and the court acts upon them in a judicial manner, and thus it may properly be said, as held in *Nunnemacher v. State,* 129 Wis. 190, 108 N. W. 627, that the acts are so far judicial in their nature that their performance may properly be committed to the county court, still it seems plain that both of these acts are really but steps in the enforcement of a tax law of the state rather than judgments in judicial controversies. . Hence we conclude that the preliminary objection must be overruled.

Upon the merits of the case the only question is as to the constitutionality of the inheritance tax law (ch. 44, Laws of 1903, as amended by ch. 249, Laws of 1903). This question was presented to the court in very full and able arguments in the case of *Nunnemacher v. State,* 129 Wis. 190, 108 N. W. 627. The case was given long and careful consideration in this court, and the present case might perhaps be now decided by simply referring to the *Nunnemacher Case* and applying the doctrine of *stare decisis.* However, owing to the fact that several new and interesting arguments are now presented, and in deference to the ability and earnestness of the counsel who have presented the present case for the plaintiff, we have deemed that it was our duty to thoroughly re-examine the question and review the former holding carefully in order to correct the ruling then made, if convinced that it was erroneous.

Inheritance taxation was held to be constitutional in the

*Nunnemacher Case* on the ground that it is excise taxation
levied on the transfer of property and not on the property
itself, 'and hence not subject to the rule of uniformity as ap-
plied to taxation of property, but subject alone to the general .
rule of uniformity in legislation, namely, the rule that there
must not be unjust discrimination or purely arbitrary classi-
fication, or, in other words, that the law must operate alike on
all persons similarly situated.

The first argument made in the present case is one not
made in the former case, and is in effect that, while the law
(ch. 44, Laws of 1903) in sec. 2 provides for the taxation of
the transfer of estates not exceeding in value $25,000, it pro-
vides in sec. 3 in effect that the transfer of the first $25,000
in an estate exceeding that sum shall not be taxed, and that
only the transfer of the amount exceeding $25,000 shall be
subject to taxation. If this be true, the law is manifestly
bad under the ruling in the case of *Black v. State,* 113 Wis.
205, 89 N. W. 522, because it discriminates unjustly between
persons in the same situation. The law provides in sec. 2
that when the property or interest transferred exceeds in
value the exemption allowed by the law, but *does not exceed*
in value $25,000, the tax imposed shall be according to a
table of rates following, which are called the primary rates,
and range from one to five per cent. according to the nearness
of relationship of the beneficiary to the decedent. In sec. 3 it
is provided that, "when the amount of the clear value of such
property or interest exceeds $25,000, the rates *upon such ex-
cess* shall be" according to a certain table of rates progressive
in their nature as the amount of the property increases. Then
follows a table of exemptions applicable to all estates. It
is very plain that, if secs. 2 and 3 be considered alone, there
is a hiatus. By the words used, transfers of property not
exceeding $25,000 in value are taxed, while no specific pro-
vision appears for taxation of the transfer of the first $25,000
of an estate exceeding that sum. Exact construction of the

language of the two sections can lead to no other result. There are, however, other provisions of the law which deserve and must receive consideration before a construction so manifestly unintended should be adopted. If, by the express language of other provisions, it conclusively appears that the intent of the legislature was to tax the first $25,000 (except exemptions) in all estates, great or small, and that the apparent hiatus in secs. 2 and 3 is the result merely of an inaccurate and careless use of language, then the court will be justified in construing the law as the legislature intended it, notwithstanding the lapse in secs. 2 and 3.

We think the language of other sections of the act actually forbids such a construction of secs. 2 and 3 as the plaintiff contends for. It is very significant that sec. 4, which provides for exemptions, is a general section fixing the exemptions to be allowed in all estates, both great and small, and is intended to cover the whole subject of exemptions. It is manifestly unreasonable to suppose that the legislature imagined, when they provided this careful and complete code of exemptions, that they had already made an enormous exemption of $25,000 in favor of all beneficiaries who were fortunate enough to receive more than that sum. But the first section of the act is quite conclusive. This section is the section which imposes the tax and enumerates the transfers which come within the law. Leaving out matters immaterial here, it provides that "a tax shall be and is hereby imposed upon *any* transfer of *any* property, real, personal or mixed, or *any* interest therein, . . . in the following cases: [here follow five clauses defining the transfers which are to be subject to the tax.] The tax so imposed shall be upon the clear market value of such property at the rates hereinafter prescribed, and only upon *the excess of the exemptions* hereinafter granted." No warrant can here be found for leaving out any transfer from the operation of the tax, whether large or small, except only transfers of property thereinafter spe-

cifically exempted.    The tax is imposed upon *any* transfer of
*any* property except the exemptions, and this must be held to
be controlling.    After so sweeping a declaration of the pur-
pose of the law, it would take something more than a tech-
nical hiatus in the details of the act to take property out of
the provisions of that section which is evidently intended to
be the effectual and potent section.    This construction makes
the law reasonable and constitutional and relieves the legisla-
ture of any charge of inconsistency or favoritism, and we have
no hesitation in adopting it.

Another new argument is made in the present case to this
effect: It is said that, because this court held in the *Nunne-
macher Case* that the right to inherit or devise property was
a natural right which could not be entirely abrogated by the
legislature, therefore it was a property right, and hence an
inheritance tax must logically be held to be a tax upon a
property right and subject to the provision that it must be
absolutely uniform.    It is admitted that the universal cur-
rent of authority holds that inheritance taxes are not taxes
levied upon property, though their amount may be measured
by the value of the property involved, but are excise taxes
levied upon the transfer of property, or, as it is sometimes
said, upon the transaction.    But it is said (as the fact is)
that the decisions so holding have all been rendered by courts
which hold that the right to receive property by inheritance
or will is the creation of the legislature and may be totally
abrogated at will, and as this court holds that these rights are
natural rights, not subject to abrogation by the legislature,
the principle cannot logically apply.

The conclusion does not follow from the premises.    Taxes
frequently are levied upon transactions or occupations which
are matters of inherent and natural right, as well as upon
transactions and occupations which are made lawful or pos-
sible only by virtue of statutory law.    In other words, the
legislature is not limited to the levying of excise taxes upon

privileges, transactions, or occupations which it alone author-izes and which it can entirely abolish. Mr. Cooley says (2 Cooley, Taxation, 3d ed. 1094): "What is true of property is true of privileges and occupations also. The state may tax all, or it may select for taxation certain classes and leave others untaxed." In the absence of special constitutional restrictions, the only limitations are that there should be no unjust discrimination or arbitrary classification, and, in case of the exercise of inherent rights, that taxation shall be rea-sonable, and shall not be so great as to result in a practical taking away of the right.

The two arguments which we have treated are practically the only arguments advanced in the present case which were not advanced and fully considered in the *Nunnemacher Case*. Our conclusion being that they cannot prevail, we have left only a reconsideration of the points made in the *Nunnemacher Case* and now reiterated in the present case. It seems that it would avail little to again traverse the ground gone over in that case. The justices who concurred in the decision of that case, after reconsidering the whole subject, are of the opinion that the decision was right upon all points involved. So far as the writer is concerned, he feels that it would be impossible for him to state the positions taken by the court any more clearly than they are there stated. If that opinion be not a satisfactory and fairly logical meeting of the contentions made against the law, the writer feels that he would not be able to write one now.

The points there decided and now reaffirmed may be briefly recapitulated thus:

(1) The right to receive property by inheritance or will in an inherent right, subject to reasonable regulation and tax-ation, but not to abrogation by the legislature.

(2) Sec. 1, art. VIII, of our constitution does not limit taxation to property only, and hence the legislature may levy

excise taxes upon privileges, occupations, business transfers, or transactions.

(3) As to the taxation of property, there can be no classification which interferes with substantial uniformity of rate based upon value.

(4) As to excise taxation, there may be proper classification and different rates applied to the different classes, and the term "uniformity of taxation" means simply taxation which acts alike on all persons similarly situated.

(5) The inheritance tax levied by ch. 44, Laws of 1903, is not a tax upon property or property rights in any sense, but purely an excise tax levied upon the "transfer" or transaction, and merely measured in amount by the amount of property transferred.

(6) Neither the classification between relatives in various degrees and strangers nor the progressive features of the law violate the true principles of classification, and as excise taxation is only subject to the general principle that all persons similarly circumstanced shall be treated alike, and not to the rule of uniformity as applied to property taxation, the law does not violate the constitutional mandate in this respect.

It follows that the general demurrer to the complaint on the ground that it does not state a cause of action must be sustained, and, it being apparent that no amendment can be made which will remedy the defect, judgment for the defendant dismissing the action, with costs, will be entered.

. *By the Court.*—It is so ordered

TIMLIN, J. (*dissenting*). After the enactment of the statutes here considered (chs. 44 and 249, Laws of 1903) and at the general November election of 1908, the constitution of Wisconsin was amended by adding the following:

"Taxes may also be imposed on incomes, privileges and occupations, which taxes may be graduated and progressive, and reasonable exemptions may be provided."

In view of this amendment the decision of the instant case *perhaps* loses something in importance, and I shall not in this dissent discuss the matter at length. Prior to said amendment the constitutional mandate was:

"The rule of taxation shall be uniform, and taxes shall be levied upon such property as the legislature shall direct." Const. art. VIII, sec. 1.

My view of duty forbids silent acquiescence in the unfortunate judicial history of this section of the constitution. But I shall merely state conclusions. In the interpretation of this provision of the constitution I exclude as irrelevant or remote all discussion of the antiquity, equity, or comparative desirability of a progressive inheritance tax, grant that under this section reasonable classification of the objects of taxation based upon substantial differences is *ex necessitate* permissible, grant that the rule of taxation need be uniform only within the proper class, and grant that classification of transfers by gift, will, or the laws of descent according to the degree of relationship of the donee, devisee, or heir to the decedent is permissible classification. I believe in the views expressed in the following quotation:

"Nor can I find any definition of property which does not include the power of disposition and sale as well as the right of private use and enjoyment. Thus Blackstone says (1 Comm. 138): 'The third absolute right of every Englishman, is that of property, which consists in the free use, enjoyment and *disposal* of all his acquisitions, without any control or diminution, save only by the laws of the land.' Chancellor Kent says (2 Comm. 320): 'The exclusive right of using and *transferring* property follows as a natural consequence from the perception and admission of the right itself.' And again (p. 326): 'The power of *alienation of property* is a necessary incident to the right, and was dictated by mutual convenience and mutual wants.' By another author property is defined as an 'exclusive right to things, containing not only a right to use those things, but a right to dispose of them, either by exchanging them for other things or giving them away to any

other person without consideration, or even throwing them away.' Bouv. Law Dict. tit. PROPERTY. These definitions are in accordance with the general sense of mankind. Indeed, if any one can define property eliminated of its attributes, incapable of sale, and placed without the protection of law, it were well that the attempt should be made." *Wynehamer v. People,* 13 N. Y. 378, 396.

However it may be elsewhere, under any scheme of government like that of the United States, whose organic law declares that private property shall not be taken for public use without just compensation, or like that of the state of Wisconsin, whose organic law declares that the property of no person shall be taken for public use without just compensation, I would reject as extravagant and fantastical the notion put forth in *Eyre v. Jacob,* 14 Grat. 422, and *Pullen v. Comm'rs,* 66 N. C. 361, and some other cases, that the state has power to create an universal escheat by taking away from the owner of property the right of disposal thereof by gift, will, or other testamentary transfer, and repealing all statutes of descent in force at the time of the adoption of the constitution. To take away, either by absolute interdict or indirectly, the power of disposal of a thing is to take property. *Stratton Claimants v. Morris Claimants,* 89 Tenn. 497, 15 S. W. 87, 12 L. R. A. 70; *Block v. Schwartz,* 27 Utah, 387, 76 Pac. 22, 65 L. R. A. 308. To take away the right to acquire property by barter, purchase, gift, or inheritance is to deprive one of liberty within the meaning of that word as used in Magna Charta and in the constitution of Wisconsin. The right of the heir to have the property of his ancestor was one of the "liberties" secured by the great charter. Par. 2–6, 18, 26, 27, 37, 52, 56, 63. An heir was not then understood to mean one entitled to take by statute of descent, but the term meant a child or relative by blood. The term is used by Littleton and his predecessors in this sense: *"Solus Deus hæredem facere potest, non homo."* Coke upon Littleton, lib. 1, c. 1, of Fee Simple (sec. 1, 7. b). The "law of the land"

as it exists in Wisconsin secures this right of disposal on the part of the owner and this "liberty" to acquire by inheritance, or by gift or purchase, against any power of the legislature except reasonable police regulation, or a taking with full compensation, and except the power of taxation for legitimate public purposes. Amendm. V, XIV, Const. of U. S.; Const. of Wis. art. I, secs. 1, 13.

I therefore agree with *Nunnemacher v. State,* 129 Wis. 190, 108 N. W. 627, that the power of the legislature to impose a succession or inheritance tax cannot be rested upon any right or power to forbid the making of wills or gifts *causa mortis* or to repeal the law of descent of property. But I think every state has the power to impose taxes for proper public purposes upon all taxable property or rights created, protected, and upheld by its laws in every case not forbidden by the state or the federal constitution. This includes a succession or inheritance tax.

In the interpretation of a constitution the state must be considered perpetual, and, because all men must die, a succession or inheritance tax is when the same rate is applied to all within the same lawful class upon an uniform rule. The "tax" imposed by the statute in question is not an indirect tax which one may incur or not incur at his option and which can be shifted, but is inevitable and without incidence, and is a percentage upon the value of the property. It is therefore not analogous to a stamp duty or an excise tax, but is a direct tax. Its essential nature cannot be altered by the legislature or the courts arbitrarily giving it a name. I am convinced that, while the legislature of Wisconsin had power to impose a succession or inheritance tax, such tax came within the command of the constitution that "the rule of taxation shall be uniform." A progressive tax is the very antithesis of a tax by uniform rule. Classification of property according to amount or value for the purpose of taxation is contrary to this command of the constitution. This provision ex-

pressly forbids a progressive rate of taxation within a legitimate class, and does not permit evasion of its command by the simple expedient of unconstitutional classification according to amount or value. The cases of *Magoun v. Ill. T. & S. Bank,* 170 U. S. 283, 18 Sup. Ct. 594; *Knowlton v. Moore,* 178 U. S. 41, 20 Sup. Ct. 747; and *Kochersperger v. Drake,* 167 Ill. 122, 47 N. E. 321, cited in *Nunnemacher v. State,* 129 Wis. 190, 108 N. W. 627, in support of the progressive features of this taxation, relate to essentially different constitutional provisions, and with reference to the constitutional provision heretofore quoted they do not, in my judgment, meet the question presented. I think the act in question in its progressive features which are based solely upon the amount or value of the property transferred, is unconstitutional.