WILL OF KOEFFLER: FIRST WISCONSIN TRUST COMPANY, Executor, and another, Appellants, vs. KOEFFLER, Respondent.

*April 2—June 24, 1935.*

*Frank J. Lenicheck* of Milwaukee, for the appellants.

For the respondent Rose Loughran Koeffler there was a brief by *Poss, Toelle & Schuler,* attorneys, and *Benjamin Poss* and *H. W. Schuler* of counsel, all of Milwaukee, and oral argument by *Mr. Poss* and *Mr. Schuler.*

For the Wisconsin Tax Commission there was a brief by the *Attorney General, Herbert H. Naujoks,* assistant attorney general, *Neil Conway,* inheritance tax counsel, and *A. B. Houghton,* public administrator of Milwaukee county, and oral argument by *Mr. Conway* and *Mr. Naujoks.*

The following opinion was filed April 30, 1935:

ROSENBERRY, C. J. The appellants claim that the tax, if any, is not payable out of the general estate. The petitioner in the court below, respondent here, filed a motion for review, contending, first, that her interest in the estate of her deceased husband is not taxable; and, second, that if taxable the tax should be paid out of the general estate. The tax commission claims that the amount due the petitioner is sub-

ject to a tax under the provisions of sec. 72.01 (3), Stats., the material part of which is as follows:

"72.01 *Subjects liable.* A tax shall be and is hereby imposed upon any transfer of property, real, personal or mixed. . . .

"(1) . . .
"(2) . . .
"(3) Transfers in contemplation of death. When the transfer is of property, made by a resident . . . by deed, grant, bargain, sale or gift, made in contemplation of the death of the grantor, vendor or donor, or intended to take effect in possession or enjoyment at or after such death. . . ."

It is stated in the brief of counsel for the tax commission that the commission has uniformly construed the statutory provision hereinbefore set out as imposing a tax upon antenuptial agreements. If such is the fact, no case has ever reached this court. The argument is that the legislature intended that property which was transferred to a wife after the death of her husband under an antenuptial agreement in lieu of her rights as a widow was to be subject to a transfer tax under the provisions of the statute imposing the tax when the transfer of property is intended, as in this case, to take effect in possession and enjoyment at or after the death of the husband, and in support of that the following cases are cited: *In re Oppenheimer's Estate,* 75 Mont. 186, 243 Pac. 589; *People v. Estate of Field,* 248 Ill. 147, 93 N. E. 721; *Estate of Grogan,* 63 Cal. App. 536, 219 Pac. 87; *Matter of Kidd,* 188 N. Y. 274, 80 N. E. 924; and note 44 A. L. R. 1475.

The tax commission further contends that a marriage-settlement contract is one not upon adequate consideration, and therefore does not answer the calls of sec. 72.01 (3), which provides that every transfer by deed, grant, bargain, sale, or gift, made within two years prior to the death of the grantor and without an adequate valuable consideration,

shall, unless shown to the contrary, be deemed to have been made in contemplation of death within the meaning of the section. It is considered that this contention is not sound. There can be no claim made in this case that the marriage-settlement contract was made in contemplation of death. It was made in contemplation of marriage. *In re Minor's Estate,* 180 Cal. 291, 180 Pac. 813, 4 A. L. R. 456, and cases cited. It is almost universally held that such contracts are not only upon adequate consideration, but the parties thereto are deemed in the highest sense to be purchasers for value. *Prewitt v. Wilson,* 103 U. S. 22, 26 L. Ed. 360, and cases cited in 13 R. C. L. p. 1015, footnote 10.

There is no doubt under the terms of the contract under consideration in this case that it created a contract liability against the estate. See *Matter of Baker,* 178 N. Y. 575, 70 N. E. 1094, affirming 83 App. Div. 530, 82 N. Y. Supp. 390; *Hill v. Treasurer & Receiver General,* 227 Mass. 331, 116 N. E. 509.

On behalf of the tax commission we are cited to a number of cases which it is argued sustain the contention of the state that the amount due under the contract was taxable, because it was intended to take effect in possession or enjoyment at or after the death of the decedent. It would extend this opinion to an unwarrantable length to analyze these cases in detail. With one or two exceptions they fall into two classifications : First, those in which the marriage-settlement contract contained a provision by which the prospective husband agreed to make certain provisions in his will, or where certain provisions were made by will in lieu of the marriage-settlement contract, and the widow took under the will. In such cases it is held that the amount due is taxable under the inheritance tax laws. The cases are reviewed in *Estate of Grogan,* 63 Cal. App. 536, 219 Pac. 87. The second group of cases arises in states where there is a

statutory provision similar to that in Massachusetts and New York, to the effect that a tax should be imposed upon a transfer of property made in contemplation of death, except in cases of a *bona fide* purchase for full consideration in money or money's worth. In *Matter of Estate of Seitz,* 262 N. Y. 32, 186 N. E. 193, attention was given to whether or not the consideration for a marriage-settlement contract was the equivalent of money or money's worth. In determining that question the court considered the value of the estate which the widow would have taken in the absence of the contract, and concluded that the contract consideration for which was a marriage was not equivalent to a contract for full consideration in money or money's worth. The statutes of this state contain no similar provision.

It is manifest that if sec. 72.01 (3) be literally interpreted, it would apply to a debt upon full money consideration due at the death of the promisor. Certainly, where a person has received full money consideration and promises to return it out of his estate at his death, nothing passes by will or by the intestate laws of the state, nor does the recipient take anything under the inheritance laws. See *Estate of Hamilton,* 217 Wis. 491, 259 N. W. 433. The claim of the promisee is that of a creditor, and the estate merely returns to him what the decedent received from him. In this case in his original will the decedent made very liberal provisions for his widow. If these provisions had remained in force, and she had taken under the will, what she received would have been subject to tax because under those facts she would take under the will and not under the contract. These provisions were revoked, and she was remanded to the contract by the terms of the codicil. She claims now under the terms of the contract. It being a contract upon full consideration, as held in the cases cited, her claim amounts to a debt against the estate of her deceased husband. The mere fact that the

will directs it to be paid does not change the nature of petitioner's claim. Most wills provide that the executor shall pay all of the just debts of the testator. When the debts are paid, the amount received by the claimants is not taxable as an inheritance merely because the will directs the payment. If our statute contained a provision to the effect that all property of the decedent except such as might be due upon a contract consideration for which was money or money's worth, was subject to taxation, we should probably be obliged to reach a different result as the courts of Massachusetts and New York have done.

Upon this branch of the case the tax commission relies upon *Matter of Estate of Frank A. Seitz,* 262 N. Y. 32, 186 N. E. 193, and *Worcester County Bank v. Commissioner,* 275 Mass. 260, 175 N. E. 726. These cases were decided under statutes containing the provision already referred to. A case which squarely supports the position of the tax commission is *In re Oppenheimer's Estate, supra.* In that state (Montana) it is held that a transfer made after death, even though upon a valuable consideration, is taxable under the inheritance tax statutes. If the doctrine of that case be applied literally, it would require creditors to pay a tax upon the amount received by them from the estate of the deceased. We are unable to subscribe to the doctrine of that case or other similar cases.

In response to the claim that a sum due under a marriage-settlement contract was taxable because the provision was not intended to take effect in possession or enjoyment until the death of the promisor, it was held in *In re Baker's Estate,* 38 Misc. 151, 77 N. Y. Supp. 170, as follows:

"It [the amount due] is a debt, within the meaning of the usual clause in a will directing the payment of debts, and the executor may pay it as such [citing case]. It is not made in contemplation of death, but of marriage. That in this particular case one of the parties to the contract becomes

entitled to its consideration upon the death of the other, and so 'enters into the possession or enjoyment thereof' at or after such death, is but an incident of, and not of the essence of, the contract. The time of payment of the consideration is fixed at death, but it would be equally valid if fixed at some other period or time, and in either case the consideration is none the less a debt payable from the estate of the deceased. The contention that this is a transfer by' sale, intended to take effect in possession or enjoyment at or after death, would apply equally to a note made payable after the death of the maker; yet such note is entirely valid and enforceable against the personal representatives of the deceased for its face and interest."

This case was affirmed in *In re Baker's Estate,* 178 N. Y. 575, 70 N. E. 1094, without opinion. Inasmuch as it is the only point considered, the court of appeals must have adopted the decision of the supreme court. This case was decided in 1902. At that time the statutes of New York did not contain the provision in regard to money equivalent already referred to. This case was followed in *In re Vanderbilt's Estate,* 184 App. Div. 661, 172 N. Y. Supp. 511, and *In re Schmoll's Estate,* 191 App. Div. 435, 181 N. Y. Supp. 542. In these cases, as in the case already referred to, it is held that transfers arising upon a valuable and adequate consideration, although within the classification of the statute, are not within its intendment and are not taxable. *Matter of Orvis' Estate,* 223 N. Y. 1, 119 N. E. 88, 3 A. L. R. 1636.

*By the Court.*—That part of the judgment appealed from is reversed, and cause remanded with directions to enter judgment to the effect that the amount due the petitioner is not subject to an inheritance tax.

The following opinion was filed June 24, 1935:

PER CURIAM *(on motion for rehearing).* On motion for rehearing it is argued that the court overlooked sec. 72.24,

as amended by ch. 462, Laws of 1929, the material part of which is as follows:

"The words 'the intestate laws of this state' as used in this chapter shall be taken to include a husband's right as tenant by the curtesy, the dower, homestead and other statutory rights of a widow, and any other rights acquired by contract in lieu of dower."

It is urged that under the provisions of the section as amended, the amount due Rose Loughran Koeffler under the marriage-settlement contract is taxable. The difficulty with this argument is that it overlooks the fact that when this statute was amended in 1929, the contract was as to the respondent fully executed. The contemplated marriage had been entered into some six years before.

Under the decision of the United States supreme court, *Coolidge v. Long,* 282 U. S. 582, 51 Sup. Ct. 306, 75 L. Ed. 562, it was not subject to taxation under the act as amended.

Motion for rehearing is denied without costs.