Estate of Heuel: First National Bank in Oshkosh, Executor, Appellant, vs. The State, Respondent.

*May 7—June 3, 1958.*

For the appellant there were briefs and oral argument by *Franklin McDonald* of Oshkosh.

For the respondent there was a brief by the *Attorney General* and *Harold H. Persons,* assistant attorney general, and *Richard E. Williams,* inheritance tax counsel, and oral argument by *Mr. Persons* and *Mr. Williams.*

WINGERT, J. The provision made for the widow by the antenuptial agreement was properly held taxable, and the order determining inheritance tax must be affirmed.

Sec. 72.01, Stats.,[1] provides in part as follows:

"A tax shall be and is hereby imposed upon any transfer of property . . . or any interest therein, or income therefrom in trust or otherwise, to any person . . . in the following cases, except as hereinafter provided:

[1] References are to the statutes of 1955 where not otherwise stated.

"(1) . . . When the transfer is by will or *by the intestate laws of this state* from any person dying possessed of the property while a resident of the state."

As used in the quoted provision, the word "transfer" is defined to include the passing of property or of any interest therein, by inheritance, descent, devise, succession, bequest, grant, deed, bargain, sale, gift, or appointment. (Sec. 72.24 (2), Stats.)

The words "the intestate laws of this state" are defined to include "a husband's right as tenant by the curtesy, the statutory rights and allowances to a child, the dower, homestead, and other statutory rights and allowances of a widow, and *any other rights acquired by contract in lieu of dower."* (Sec. 72.24 (5), Stats.)

We need not determine whether the widow's right to receive the entire $300 per month, including the $160 per month provided by the antenuptial agreement, was a "transfer by will" and hence taxable as such, since the will recognized and implemented the antenuptial agreement. Be that as it may, we think it clear that the right to receive the $160 per month provided by the antenuptial agreement was taxable as a transfer "by the intestate laws of this state" within sec. 72.01 (1), Stats., since it was a right "acquired by contract in lieu of dower," as those words are used in sec. 72.24 (5). That it should be in full satisfaction of dower rights was specified in the contract.

The conclusion thus reached from the terms of the statute is fortified by the legislative history of sec. 72.24 (5), Stats. In its original form, the Inheritance Tax Act did not contain a definition of "intestate laws." In its report for the year 1928 at page 50, the Wisconsin tax commission recommended that the words "intestate laws" should be defined to include certain types of transfers, and that "the word 'transfer' as defined in section 72.24 should be amended to include transfers made as a result of antenuptial contracts." The legisla-

ture promptly adopted ch. 462, Laws of 1929, which defined "the intestate laws of this state" to include, among other things, "any other rights acquired by contract in lieu of dower." Thus, at the instance of the tax commission, albeit with some change in verbal arrangement, and for the clear purpose of taxing transfers made as a result of antenuptial contracts, the provision of sec. 72.24 (5) was adopted in substantially its present form.

Not only does the legislative intent to tax such provisions for a widow clearly appear, but it is also readily explainable. Were provisions made by antenuptial contracts to escape inheritance tax it would be too easy for well-advised couples to contract out of inheritance-tax liability in advance of marriage, and thus set at naught the policy of the Inheritance Tax Law and render it substantially discriminatory in its effect as between widows provided for by contract and those provided for by will or by law in the absence of contract.

Appellant places great reliance on *Will of Koeffler,* 218 Wis. 560, 260 N. W. 638, 261 N. W. 711, in which it was held that an antenuptial agreement made in 1923 created a contract liability against the husband's estate maturing on his death, that the contract was upon full consideration, and that the amount passing to the widow was not subject to inheritance tax as a transfer in contemplation of death. On motion for rehearing the above-quoted provision of ch. 462, Laws of 1929, defining "the intestate laws of this state" to cover "any other rights acquired by contract in lieu of dower" was called to the attention of the court, to which the court responded, in denying rehearing:

"The difficulty with this argument is that it overlooks the fact that when this statute was amended in 1929, the contract was as to the respondent fully executed. The contemplated marriage had been entered into some six years before.

"Under the decision of the United States supreme court, *Coolidge v. Long,* 282 U. S. 582, 51 Sup. Ct. 306, 75 L. Ed.

562, it was not subject to taxation under the act as amended." (218 Wis. at p. 568.)

In the present case the antenuptial contract was made and the marriage entered into in 1949, in the presence of the statute in its present form. Therefore the statute controls, and the provision made for the widow pursuant to contract is subject to the tax.

Appellant contends that if the tax be construed as applicable it is unconstitutional, as impairing the obligation of contract, and as violating the rule of uniformity of taxation.

Since the contract was made in the presence of the statute, its obligation is not thereby impaired. *Oshkosh Waterworks Co. v. Oshkosh,* 187 U. S. 437, 446, 23 Sup. Ct. 234, 47 L. Ed. 249; *Chippewa Valley Securities Co. v. Herbst,* 227 Wis. 422, 425, 278 N. W. 872.

Neither is the uniformity provision of sec. 1, art. VIII, Const., violated. As applied to the inheritance tax, there may be proper classification, and the required uniformity "means simply taxation which acts alike on all persons similarly situated." *Beals v. State,* 139 Wis. 544, 557, 121 N. W. 347. Here the tax on property passing to widows pursuant to antenuptial contract gives similar treatment to all who are similarly situated.

Appellant argues that legislative intent to exempt transfers of this character from inheritance tax is to be found in sec. 72.01 (3) (a), Stats., as amended by ch. 172, Laws of 1949, relating to transfers in contemplation of death and providing that transfers within two years prior to death "without an adequate and full consideration in money or money's worth" shall be deemed to have been made in contemplation of death unless shown to the contrary. This court having held in *Will of Koeffler,* 218 Wis. 560, 564, 260 N. W. 638, 261 N. W. 711, that an antenuptial contract is made upon full consideration, it is argued that the statute in question excludes it from taxation as a transfer in con-

templation of death. A sufficient answer to that argument is that here the provision for the widow is not taxed as a transfer in contemplation of death under sec. 72.01 (3) (a), but instead is taxed under sec. 72.01 (1) as a transfer "by the intestate laws of this state" as that expression is specifically defined in sec. 72.24 (5).

*By the Court.*—Order affirmed.