

# THE ATTORNEY GENERAL

# OF TEXAS

## AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

January 7, 1960

Honorable Robert S. Calvert          Opinion No. WW-772
Comptroller of Public Accounts
Capitol Station                      Re:  Is a transfer by virtue
Austin 11, Texas                          of an antenuptial agree-
                                          ment, to take effect
                                          after the grantor's
                                          death, subject to an in-
Dear Mr. Calvert:                         heritance tax?

          Your letter requesting our opinion on the above
question sets out the following facts:

> "Mr. J. B. Cage died testate, a resident of San
> Patricio County, on April 6, 1958.  On July 25,
> 1953, the testator entered into a pre-nuptial
> agreement with Mrs. Maurine Schultz, a widow, in
> which he conveyed to Mrs. Schultz his homestead,
> retaining his right to live in said homestead
> until his death, and also for his daughter to
> maintain a room in said homestead for so long as
> she remains single, and $250.00 per month to Mrs.
> Schultz so long as she lives.  Shortly there-
> after Mrs. Schultz and the testator were married.
>
> "Subsequent to the date of marriage of Mrs.
> Schultz and Mr. Cage, Mr. Cage executed his last
> will and testament on the 29th day of April,
> 1954, wherein he recognized all the provisions
> of the pre-nuptial agreement and devised the
> balance of his estate to his daughter.
>
> "We are now confronted with the question as to
> the proper inclusion and handling of the value
> of the annuity as well as the value of the home-
> stead for inheritance tax purposes as provided
> in the pre-nuptial agreement.  Please advise this
> department whether or not the homestead and the
> value of the annuity provided in the pre-nuptial
> agreement should be deducted from the net value
> of the estate devised to the daughter, or charged
> to the wife as a deed, grant, sale, or gift made
> or intended to take effect in possession or en-
> joyment after the death of the grantor or donor."

The antenuptial agreement clearly sets out that the property grant ".   .shall not be effective until after the death of (the husband). . ." and that the annuity of $250 per month was to begin ". . .upon and after the death of (the husband). . ."

Article 4610, Revised Civil Statutes, authorizes such pre-marital stipulations as follows:

"Parties intending to marry may enter into such stipulations as they may desire, provided they be not contrary to good morals or to some rule of law; and in no case shall they enter into an agreement, or make any renunciation, the object of which would be to alter the legal orders of descent, either with respect to themselves, in what concerns the inheritance of their children or posterity, which either may have by any other person, or in respect to their common children; nor shall they make any agreement to impair the legal rights of the husband over the persons of their common children. No matrimonial agreement shall be altered after the celebration of the marriage."

The admonition contained therein as to altering the "legal orders of descent" is somewhat vague and has apparently never been satisfactorily defined. See 23 Tex.Jur., Husband and Wife, Sec. 20. However, we believe that the present agreement is not in conflict with that inhibition. Runge v. Freshman, 216 S.W. 254 (Tex.Civ.App. 1919). See also Groesbeck v. Groesbeck, 78 Tex. 664, 14 S.W. 792 (1890).

Our inheritance tax statute, Article 7117, R.C.S., levies a tax not only upon property passing by will or by descent and distribution, but also on that which passes ". . .by deed, grant, sale, or gift made or intended to take effect in possession or enjoyment after the death of the grantor or donor. . . ." The question of the application of inheritance tax to transfers under antenuptial agreements, which transfers do not become effective until after the grantor's death, has not been touched upon by any Texas cases. A survey of the other jurisdictions reveals that the authorities are in conflict. See 85 C.J.S., Taxation, Secs. 1144 and 1147 (3) (b); 28 Am.Jur., Inheritance, Estate and Gift Taxes, Secs. 133 and 185.

The earlier New York cases held such transfers exempt from taxation, on the theory (often not clearly expressed) that marriage, or the promise of marriage, supplied

sufficient consideration for the transfer, and therefore the recipient was entitled to payment as a creditor from the decedent's estate. In re Baker's Estate, 83 App.Div. 530, 82 N.Y. Supp. 390, aff'd. on opinion below, 178 N.Y. 575, 70 N.E. 1094 (1904); In re Vanderbilt's Estate, 184 App.Div. 661, 172 N.Y. Supp. 511, aff'd. without op. 226 N.Y. 638, 123 N.E. 893 (1919); Re Schmoll, 191 App.Div. 435, 181 N.Y. Supp. 542, aff'd. without op., 230 N.Y. 559, 130 N.E. 893 (1920). But the opposite result was reached following a 1930 amendment of the New York estate tax law, which levied the tax on all property in which the decedent had an interest at death, including property which he had transferred in contemplation of or to take effect in possession or enjoyment after death, except where such transfer was to a bona fide purchaser for full and adequate consideration in money or money's worth. The court in Re Seitz' Estate, 237 App.Div. 206, 260 N.Y. Supp. 122, 262 N.Y. 32, 186 N.E. 193 (1933), held that, because of the addition of the underlined requirement, a promise to marry in an antenuptial contract did not furnish the required consideration; therefore, the transfer was taxable.

The court held in Re Oppenheimer, 75 Mont. 186, 243 P. 589, 44 A.L.R. 1470 (1926), that such transfers were taxable where the statute taxed gifts or transfers effective in possession or enjoyment at or after the grantor's death, even though not containing the requirement that there be adequate consideration "in money or money's worth." Under the antenuptial agreement there involved, decedent's widow was to receive $150,000 in installments beginning one year after his death. The court, after quoting that portion of the statute taxing transfers effective in possession or enjoyment after grantor's death, proceeded as follows:

> "It is obvious that, had the section quoted above merely provided that personal property passing by will or the laws of succession should be subject to the tax, the intended scheme of taxation would have been a complete failure, for the reason that transfers, made only to take effect after the death of the grantor, would or could be substituted for wills and intestacy in order to escape the tax. . . .It was never intended by the lawmakers, when enacting the inheritance statute, to permit the owner of an estate falling within its provisions to continue in possession and enjoyment of all his property and the rents and income therefrom during his lifetime, secure in the knowledge that, upon advent of death, the legislative intent would be effectually circumvented

by some device such as this.  Clearly, a gift or transfer for a valuable consideration must be in praesenti in order to escape the tax.  A deceased person can have but one estate, and all property owned by him at the time of his death, including gifts or transfers previously made by him which are not to become effective until after his death, is taxable."

In Re Koeffler, 218 Wis. 560, 260 N.W. 638, 99 A.L.R. 944, reh.den. 218 Wis. 567, 261 N.W. 711, 99 A.L.R. 949, holding that such a transfer under an antenuptial agreement is not taxable, the court criticizes the reasoning in the Oppenheimer case as being too broad, in that a full application of the theory would tax all bona fide creditors of the decedent upon payment of their claims from the estate.  This, however, seems a rather tenuous and unwarranted extension of the above rule.

The transfer under an antenuptial agreement in People v. Estate of Field, 248 Ill. 147, 99 N.E. 721, 33 L.R.A. (N.S.) 230 (1910), was held taxable on the theory that it replaced the widow's claim for dower.  For further authorities see annotations in 4 A.L.R. 461, 44 A.L.R. 1475, and 167 A.L.R. 461.

Comparing the two views, we are convinced that the conclusion reached in the Oppenheimer case is preferable, for the reasons therein expressed.  You are therefore advised that the transfer of the homestead to the decedent's wife and the annuity provision by virtue of the antenuptial agreement should be charged to her as a deed, grant, sale or gift made or intended to take effect in possession or enjoyment after the grantor's death, and hence subject to the inheritance tax.

## SUMMARY

Where provision was made for transfer of property and for an annuity to the wife in an antenuptial agreement, both to become effective after the death of the husband, the transfer is taxable to the wife under Article 7117, R.C.S., as a deed, grant, sale, or gift made or intended to take

> effect in possession or enjoyment after the
> death of the grantor or donor.

Very truly yours,

WILL WILSON
Attorney General

By _James R. Irion_
James R. Irion
Assistant

JRI:bct

APPROVED:

OPINION COMMITTEE:
W. V. Geppert, Chairman

Marietta McGregor Payne
J. C. Davis
C. Dean Davis
Charles Cabaniss

REVIEWED FOR THE ATTORNEY GENERAL:

By:  Leonard Passmore