MABEL F. KUNHARDT, AS EXECUTOR OF THE LAST WILL
AND TESTAMENT OF HENRY R. KUNHARDT, DE-
CEASED, PROSECUTOR, v. NEWTON A. K. BUGBEE,
COMPTROLLER OF THE TREASURY OF THE STATE OF
NEW JERSEY, DEFENDANT.

Submitted June 9, 1925—Decided October 5, 1925.

**Taxes and Assessments—Inheritance Tax—Transfer in Contem-
plation of Death—Under Statute Transfer Within Two Years
Presumed To Be in Contemplation of Death—Burden Upon
Prosecutor to Prove Contrary—Contemplation of Death Es-
tablished—Court, in Arriving at Decision, Should be Gov-
erned by New Jersey Statute, Not by Decisions of the State
in Which Transfer Occurred—Such Transfer Not To Be
Taxed Separately From Transfer Made by Will.**

On writ of *certiorari.*

Before Justices TRENCHARD, KATZENBACH and LLOYD.

For the prosecutor, *Corra N. Williams* (*Robert L. Redfield,*
of counsel).

For the defendant, *Edward L. Katzenbach.*

PER CURIAM.

The writ of *certiorari* in this case brings up for review a
determination made by the comptroller of the treasury of
the State of New Jersey in the matter of the inheritance tax
upon the estate of Henry R. Kunhardt. Mr. Kunhardt died
on October 25th, 1923. He was domiciled in the State of
New York at the time of his death. His will was admitted
to probate in New York county. On October 16th, 1923, nine
days before his death, he executed a deed of trust to the
Guaranty Trust Company of New York, transferring to
them four hundred shares of the capital stock of the Car-
penter Steel Company, a New Jersey corporation. The deed
of trust created a life estate in favor of his wife. Upon her

death the shares of stock were to be equally divided into three parts and further life estates in favor of each of his three sons were created with power of appointment as to principal by their wills. The shares of stock in the Carpenter Steel Company constituted the bulk of Mr. Kunhardt's estate. The comptroller appraised the value of the New Jersey property at $437,799.02. The trust value of the entire estate was $469,836.72. Deductions of $19,163.06 were allowed, which made the net estate $450,673.66, of which $437,799.02 constituted the value of the capital stock of the Carpenter Steel Company. The tax was $4,796.06. This was paid under protest.

In the present proceeding the prosecutor seeks to have it held that the deed of trust mentioned was not made in contemplation of death. It has been stated that the deed of trust was made nine days before Mr. Kunhardt died. The act taxing the transfer of estates was amended by chapter 174 of the laws of 1922. By this amendment every transfer made within two years prior to the death of the grantor, of a material part of his estate, or in the nature of a final disposition or distribution thereof, and without an adequate valuable consideration, shall, in the absence of proof to the contrary, be deemed to have been made in contemplation of death within the meaning of this provision of the statute. The prosecutor contends that the burden is upon the state to show that the deed of transfer was made in contemplation of death. This is not so. It is presumed to have been made in contemplation of death when made within two years of the period of death. The burden is upon the prosecutor to show that the transfer was not made in contemplation of death.

The facts set forth in the record show that Mr. Kunhardt was in his sixty-third year when he died. He had retired from business about the year 1918. He had spent considerable time in traveling and was planning to continue his travels. Two or three years prior to his death his physician, Dr. Hutton, said that Mr. Kunhardt was suffering from arterio sclerosis. It is said that Mr. Kunhardt was not informed of his condition. Mr. Kunhardt had, however, had

what might be termed warning of approaching dissolution. He had suffered from thrombosis of a small vein in one of his eyes, which had affected his eyesight. He had had indigestion. Following a walk up a hill he had had pain in his throat. The cause of his death was angina pectoris. He had two attacks. One occurred on October 5th, 1923. It was eleven days after this attack the deed of trust was executed. The second took place on October 22d, 1923. The latter was the fatal attack. The evidence is quite persuasive that Mr. Kunhardt knew that he was an ill man, and that his condition prompted him to make the provision which he did under the deed of trust. The affidavit of Dr. Hutton, his physician, is illuminating. Dr. Hutton says: "Of course, what is in the mind of a man is more or less a matter of conjecture, but from the fact that the disease appeared to be making slow progress, that he was not informed of the serious nature of his ailment; that its observable symptoms were not alarming to him, so far as I could observe, and that he never made any statements to me nor asked any questions indicating that he knew the serious nature of his disorder, or that he was in the least apprehensive regarding himself, it is quite clear to my mind that at the time of the transaction in question Mr. Kunhardt did not have his own death in contemplation." What is in the mind of a man is, it is true, more or less of a conjecture. Mr. Kunhardt had received, it seems to us, so many evidences of the bad state of his health that he probably was like many others in such a condition. He asked no questions because he knew what he would be told. He failed to ask questions which would indicate his knowledge of his illness, because he was desirous, in all probability, of not worrying his family by imparting to them information which would disclose to them his knowledge of his condition. What he did, however, is quite convincing that he knew his condition. After his first attack of angina pectoris, as has been stated, he executed the deed of trust. Nine days after its execution he succumbed to a second attack of the same malady. It is difficult, it seems to us, from these facts, to accept any other view than that the

deed of trust was executed in contemplation of his death. The evidence, not only fails to rebut the presumption, but establishes the fact that the deed was executed in contemplation of his death.

The prosecutor next insists that this court should be guided in arriving at its decision by the decisions of the New York courts, as the deed of trust was executed in New York. We think the construction placed upon our statute by the New Jersey courts should control us in our decision of this case.

It is next urged that the deed was not made in contemplation of his death. We have considered this question, and, as stated, have reached the conclusion that the deed was made in contemplation of death.

The fourth ground advanced to set aside the tax is that there is no evidence that Mr. Kunhardt had any idea of evading any tax law of New Jersey. It may be that he did not know of the Inheritance Tax law of New Jersey, and, consequently, could have no idea of evading the law. This is immaterial, as the question is not whether Mr. Kunhardt had any intention or not of evading the law.

The next point is that if the transfer of the deed was made in contemplation of death it was separate and distinct from the transfer of the property made by his will, and, hence, should be separately assessed and taxed. We see no merit in this point. The contention is unsound, as there can be only one exemption and one rate of tax applied on the transfer of property made in contemplation of death and by last will and testament. The action of the comptroller in adding them together was proper. If the contention of the prosecutor were unsound, then a very large part of the transfer inheritance tax on an estate tax could be avoided by creating a number of separate deeds of trusts, each of which would be entitled to the statutory exemption. Upon a review of the case we are satisfied that the tax assessed should be affirmed. The same is, accordingly, affirmed.