ESTATE OF MOORE: STATE, Appellant, vs. MOORE and others, Respondents.

*April 5—May 10, 1932.*

For the appellant there was a brief by the *Attorney General, F. C. Seibold,* assistant attorney general, *Neil Conway,* inheritance tax counsel, and *B. F. Boreson,* public administrator of Fond du Lac county, and oral argument by *Mr. Seibold* and *Mr. Conway.*

For the respondent executors and Marquis D. Moore individually there was a brief by *Williams & Foster* of Fond du Lac, and oral argument by *A. W. Foster.*

FAIRCHILD, J.   A gift embarrassed by the death of the donor shortly after it is made may not be subject to the tax which the State here seeks to impose, but if it is made within two years prior to the death and is a material part of decedent's estate, it then, by statutory enactment, must be deemed

to have been made in contemplation of death, and the tax follows unless the gift is definitely shown not to have been made in contemplation of death. The section—72.01 (3)— creating this presumption was considered in the recent case of *Will of Harnischfeger, post,* p. 317, 242 N. W. 153, 243 N. W. 453, and the analysis there made directs our consideration of the proposition before us. Mr. Justice NELSON said:

"It is conceded that the language 'be deemed to have been in contemplation of death' gives rise simply to a presumption which may be rebutted by facts showing the contrary. When a grantor, within two years prior to his death, gives away a material part of his estate, in the nature of a final disposition or distribution thereof and without an adequate valuable consideration, a presumption that such gift was made in contemplation of death arises which, in the absence of credible evidence to the contrary, permits the conclusion that such gift was made in contemplation of death."

We are therefore concerned here with the question as to whether there is any credible evidence showing that this gift was not made in contemplation of death; for if there are ascertained and proven facts to sustain them, the findings of the county court would control. It is the position of the State in this behalf that the evidence so conclusively establishes that the gift was made in contemplation of death that there is no reasonable basis for any conclusion to the contrary and that the finding by the county court is against the great weight and clear preponderance of the evidence.

The fact that the decedent, sixty-one years of age, was for eight years a sufferer from the progressive disease of diabetes for which he knew there was no cure, that he was under treatment continuously from 1922 to the time of his death in 1930, the circumstances present at the time of his making the will, his continued illness thereafter, his conversation with his daughters concerning the preference which he was providing for in the gift to his son Marquis and his

expression then of the hope that there would be no trouble about it later, all show conclusively that, while he still hoped to live, his actions with reference to the disposition of this portion of his estate were largely influenced by the contemplation and expectation of the end. This apprehension was present and was of particular concern to him, directed his thoughts and influenced his actions. In the will made December 18, 1929, he divided his estate equally between his children. He had long cherished the idea that his son Marquis would go into the business in which he owned an interest and where his brothers were active, but he made no mention of it in the will. When, upon his return home, although the immediate cause of his going to the hospital had been removed, he continued in feeble health, the thought or expectation of death would be natural and would impel the mental canvassing of his affairs. The arrangements made and the concern shown indicate a desire to have matters so ordered that his children would be able to carry out plans he had made, and which he overlooked at the time of making his will. The suddenness of this transfer while Marquis was still in college and the fatherly caution manifest in the course adopted by him with reference to apprising the others in his family of this arrangement for Marquis, conclusively establish that, while the hope of regaining his health lingered, the expectation of an unfavorable result was there also, and in contemplation of this he made the gift in question.

In this state of the record the evidence not only fails to overthrow the presumption which exists by statute but permits of but one reasonable inference, and that is that the transfer of the property under the circumstances has impressed upon it all the characteristics of a devise or bequest, and that there was present in the deceased at the time such a bodily and mental condition as prompts one to dispose of his property and bestow it on the objects of his affection and

regard. *State v. Pabst,* 139 Wis. 561, 121 N. W. 351; *U. S. v. Wells,* 293 U. S. 107, 51 Sup. Ct. 446; *Kunhardt v. Bugbee,* 3 N. J. Misc. Rep. 1107, 130 Atl. 660; *Will of Harnischfeger, post,* p. 317, 242 N. W. 153, 243 N. W. 453.

*By the Court.*—The order of the county court is reversed, and the cause remanded with direction to assess the tax in accordance with this opinion.