In the Matter of the Appraisal under the Transfer Tax Act of the Estate of GEORGE W. KIDD, Deceased.

THE COMPTROLLER OF THE STATE OF NEW YORK, Appellant; W. MORTON GARDEN, as Executor, et al., Respondents.

1. TRANSFER TAX — WHEN PROPERTY PASSING UNDER AN ANTE-NUPTIAL CONTRACT, WHEREBY A DECEDENT AGREED TO MAKE A WILL IN FAVOR OF THE BENEFICIARY NAMED THEREIN IS SUBJECT TO TAX. Where it has been adjudicated by the Supreme Court, in an action brought by the stepdaughter of a testator against his executors and trustees and the beneficiaries named in his will, that she was entitled to all of the real and personal property of testator, under an ante-nuptial agreement between him and her mother whereby he agreed to devise and bequeath all of his property to such stepdaughter, if no children should be born of his marriage with her mother, and the judgment directed the

defendants to execute and deliver to the plaintiff all necessary releases and conveyances of such property, the property passing to testator's stepdaughter under such judgment is not exempt from taxation under the Transfer Tax Act (L. 1896, ch. 908, art. 10), since the contract, enforced by such judgment and under which testator's stepdaughter receives the property, was not a contract to convey the property, but a contract to make a will in her favor and even if the testator had performed his agreement and given her his property by his will, the estate would have been subject to the tax.

2. SAME — LIABILITY OF PROPERTY TO TRANSFER TAX NOT AFFECTED BY RESORT TO THE COURTS TO ENFORCE THE CONTRACT. The fact that testator's stepdaughter, in consequence of the failure of testator to carry out his agreement, was obliged to resort to the courts for relief, does not affect the question of liability of the estate to the transfer tax; the judgment did not set aside the will, but enforced the ante-nuptial contract and converted the devisees under the will or the heirs at law or next of kin of testator, as the case may require, into trustees for the beneficiary under the agreement, so that the devolution of testator's property has, in fact, taken place under the will and is subject to the transfer tax.

*Matter of Kidd,* 115 App. Div. 205, reversed.

(Argued April 2, 1907; decided April 16, 1907.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered November 5, 1906, which affirmed an order of the New York County Surrogate's Court adjudging the estate of George W. Kidd, deceased, to be exempt from a transfer tax.

The facts, so far as material, are stated in the opinion.

*Eugene D. Flanigan* and *Robert C. Cumming* for appellant. The oral agreement alleged to have been made between Anna Estelle Slocum with George W. Kidd, prior to her marriage with him, was in contemplation of his death, was not payment of any legal debt, but was a gift of gratuity, and as such is liable to taxation. (*Matter of McPherson,* 104 N. Y. 316; *Matter of Greene,* 153 N. Y. 223; *Smith* v. *Edwards,* 81 N. Y. 92; *Matter of Crane,* 164 N. Y. 71; *Matter of Reickman,* 42 Misc. Rep. 648; *Matter of Gould,* 156 N. Y. 423; *Matter of Seaman,* 147 N. Y. 69; *Matter of Swift,* 137 N. Y. 88.) The will was admitted to probate as a valid instrument, is still in full force and effect, and the

residuary estate thereunder passed to and vested in the trustee, and the residuary legatees were impressed with no trust, and is, therefore, taxable. (*Piper* v. *Hord*, 107 N. Y. 73; *Johnson* v. *Spicer*, 107 N. Y. 185; *Colby* v. *Colby*, 81 Hun, 221; *Fairchild* v. *Edson*, 154 N. Y. 199; *Amherst College* v. *Ritch*, 151 N. Y. 282.) The equitable rights of Mrs. Dickinson, arising from the alleged ante-nuptial contract of Kidd to devise his property to her, and owing to which the residuary legatees under the Kidd will were required by a court of equity to transfer to Mrs Dickinson the property which passed to them as legatees under the will, were not testamentary in their character, but arise from matters *dehors* the will, and do not affect the legal title of the residuary legatees derived under the will, or the taxability of the interests thus received by them as such legatees. (*Matter of Edson*, 38 App. Div. 19; 159 N. Y. 568; *Amherst College* v. *Ritch*, 151 N. Y. 342; *Cullen* v. *Attorney-General*, L. R. [1 Eng. & Ir. App.] 190; 14 Irish C. L. R. [N. S.] 137; *Matter of Gould*, 156 N. Y. 423.)

*Henry Hirschberg, Joseph F. McCloy* and *Charles C. Dickinson* for respondents. The right as a property right to the future possession of George W. Kidd's entire estate accrued to and vested in Grace Georgette Dickinson upon the marriage of her mother to said George W. Kidd, and execution of the ante-nuptial agreement in 1875, ten years prior to the passage of the first Transfer Tax Act; and said estate ultimately passed into her possession, neither by will nor by intestacy laws, but solely by virtue of said contractual obligation. It is too well settled to be now questioned that under such circumstances its transfer was exempt from taxation. (*Matter of Demers*, 41 Misc. Rep. 470; *Matter of Craig*, 97 App. Div. 289; 181 N. Y. 551; *Matter of Baker*, 83 App. Div. 530, 178 N. Y. 575; *Matter of Miller*, 77 App. Div. 473.) The estate of George W. Kidd never passed to any one by virtue of his last will and testament, and the codicil thereto and title to said estate never vested in the

legatees and devisees mentioned in said will or in the trustee or executor thereof. (*Matter of Wolfe*, 89 App. Div. 349; 179 N. Y. 599; *Matter of Cook*, 187 N. Y. 253.)

Cullen, Ch. J.  George W. Kidd died December 3rd, 1901, possessed of an estate exceeding in value $800,000. He left a will which was admitted to probate by the surrogate of the county of New York on April 5th, 1903.  By his will he created a number of trusts, the ultimate remainders in which were contingent.  The details of the will are immaterial.  It is sufficient to say that proceedings having been instituted to determine the amount of the transfer tax, an agreement was entered into in March, 1905, between the executor and the state comptroller, under the provisions of section 230a of the Tax Law, compromising the tax at the sum of $10,000, which was paid to the comptroller.  Before this time one Grace G. Dickinson, a stepdaughter and a beneficiary to a limited extent under his will, brought an action in the Supreme Court against the executors and trustees of Mr. Kidd's will and the other beneficiaries thereunder, alleging an ante-nuptial agreement between her mother and the said Kidd, whereby, in consideration of the marriage and the promise of her mother to turn over to him the sum of $40,000, to be used in his business, the said Kidd agreed "that he would adopt said Grace G. Slocum (now Dickinson), give her his name and make her his heir and that in case there should be issue of said marriage he would by will bequeath and devise all of his property equally to and among the said child and his other children, and in case there should be no issue of said marriage, then in that case he would devise and bequeath all of his property to the said Grace G. Slocum;" the performance of said agreement by her mother and the failure of the deceased to perform the same on his part.  The pleadings in that action are not in this record; we have merely the findings and the judgment.  The trial court found the facts as alleged and judgment was entered declaring the contract recited to be a valid contract entitling

the plaintiff to all the property, real and personal, of which
the deceased died seized or possessed, and directing the
defendants to execute and deliver to the plaintiff all neces-
sary releases and conveyances of said property. Thereafter
the executor of the will and Mrs. Dickinson instituted this
proceeding to have the estate declared exempt from taxation.
The application was granted by the surrogate, and the order
granting it has been affirmed by the Appellate Division by a
divided court.

While the principal argument before us has been devoted
to the question whether the compromise made between the
executor and the comptroller can now be set aside or attacked
collaterally, we do not find it necessary to consider the ques-
tion since we are of opinion that, giving full effect to the
judgment in the Supreme Court action, nevertheless the estate
is liable to the transfer tax. The contract between the plain-
tiff's mother and the deceased, which has been enforced by
the judgment of the Supreme Court, was to bequeath and
devise to his stepdaughter by will, either the whole property
he might leave or a portion of it, dependent on the existence
of other children. It was not a contract to convey, but a con-
tract to make a will in her favor. Had the deceased performed
his agreement and given her his property by will the estate
would have been subject to the tax. Substantially this propo-
sition was decided in *Matter of Dows* (167 N. Y. 227). In
that case the property which was the subject of the proceed-
ing was a part of the estate of the elder Dows, who died prior
to the enactment of any law imposing a tax on succession by
lineal descendants. By his will Dows the elder authorized
his son, the equitable life tenant of a trust fund, to appoint
by his will the corpus of the trust fund among his issue. It
was there contended by the appointees of the son that they
took under the will of their grandfather and were not subject
to the tax imposed by statutes subsequent to his death. We
held that, " when David Dows, Sr., devised his property to
the appointees under the will of his son, he necessarily sub-
jected it to the charge that the state might impose on the

privilege accorded to the son of making a will" and upheld the tax.   This decision was affirmed by the Supreme Court of the United States (*sub nom. Orr* v. *Gilman*, 183 U. S. 278). *Matter of Delano* (176 N. Y. 486 ; affirmed by Supreme Court (*sub nom. Astor* v. *Kelsey*) April 15th, 1907) is to the same effect.   In that case, long before any succession tax, William B. Astor conveyed certain real estate to his daughter for life, with power of appointment by will, and in default of appointment then remainder over.   The daughter died at a time when there was an inheritance tax, leaving a will by which she appointed the remainder.   It was held that the estate was subject to the tax.   The present case plainly differs in principle from those cited by the learned counsel for the respondent, such as *Matter of Pell* (171 N. Y. 48) ; *Matter of Baker* (178 N. Y. 575, affg. 83 App. Div. 530 on opinion below); *Matter of Craig* (181 N. Y. 551, affg. 97 App. Div. 289 on opinion below), and *Matter of Lansing* (182 N. Y. 238).   In the *Pell* case the remainderman claimed under a will which had taken effect by the death of the testator in 1863.   The estate vested in title though not in possession at that time.   It was at all times alienable by the remainderman and also devisable and descendible, unless the limitations of the remainder were such as to make it fail on his death.   This is true of the other cases cited.   Mrs. Dickinson had no such interest in the estate of the deceased.   While the testator could not have conveyed it in fraud of her rights, he could have entirely consumed it in living expenses or by speculation.

It does not affect the question of the liability of the estate to taxation that in consequence of the failure of the testator to carry out his promise Mrs. Dickinson was obliged to resort to a court for relief.   The method by which a court of equity in a proper case (for there is not in all cases an absolute right for its enforcement) enforces an agreement of the character of the one before us, is well settled.   It does not set aside the will, for in the present case such a judgment would do the plaintiff in the Supreme Court action no good ; she was neither heir at law nor next of kin ; but it converts the devisees

under the will or the heirs at law or next of kin, as the case may require, into trustees for the beneficiary under the original agreement. The subject has been quite recently before us in the case of *Phalen* v. *United States Trust Company* (186 N. Y. 178). There Judge WERNER wrote for the court: " The principle upon which such agreements are sustained was stated by Lord CAMDEN as early as the year 1769 in *Durfour* v. *Ferraro* (Hargrave's Jurid. Arg. 304) and it was not then new * * * 'Though a will is always revocable and the last must always be the testator's will, yet a man may so bind his assets by agreement that his will shall be a trustee for performance of his agreement. A covenant to leave so much to his wife or daughter, etc. * * * These cases are common ; and there is no difference between promising to make a will in such a form and making his will with a promise not to revoke. This court does not set aside the will, but makes the devisee, heir or executor trustee to perform the contract.' " Therefore, the devolution of the property has, in fact, taken place under the will and such devolution is subject to the transfer tax.

The orders of the Appellate Division and of the Surrogate's Court should be reversed and the application denied, with costs in all courts.

O'BRIEN, HAIGHT, HISCOCK and · CHASE, JJ., concur; EDWARD T. BARTLETT and VANN, JJ., dissent.

Orders reversed, etc.