## COMMISSIONER OF INTERNAL REVENUE v. NEVIN.*
### No. 4501.

Circuit Court of Appeals, Third Circuit.
Jan. 29, 1931.

*Certiorari denied 51 S. Ct. 485, 75 L. Ed. ——.

G. A. Youngquist, Asst. Atty. Gen., and Sewall Key and Patrick J. Ryan, Sp. Assts. to Atty. Gen. (C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, and Robert L. Williams, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., of counsel), for petitioner.

Maurice B. Saul, of Philadelphia, Pa., J. Marvin Haynes, of Washington, D. C., and Joseph A. Lamorelle, Ulric J. Mengert, and William E. Mikell, Jr., all of Philadelphia, Pa., for respondent.

Before BUFFINGTON and DAVIS, Circuit Judges, and THOMPSON, District Judge.

BUFFINGTON, Circuit Judge.

This case concerns the adjustment of taxes on the estate of John Wanamaker. He died December 12, 1922. On December 14, 1920, he made certain property transfers which the government contends were made in contemplation of death. Testimony was taken, and, on consideration had, the Commissioner determined that these transfers, of the value of $36,790,376.17, were made in contemplation of death. Thereupon the executors petitioned the Board of Tax Appeals for a redetermination, contending that the action of the Commissioner was wrong. As we have said, a vast amount of testimony was taken, and, after argument and full consideration, the Board filed an opinion and finding of facts and discussed in great detail the proofs, stated the law bearing on the statute in question, and found that "the various transfers of John Wanamaker, in December, 1920, were not made in contemplation of, or intended to take effect in possession or enjoy-

ment at or after, his death." Several members of the Board joined in a dissent, in which there was no discussion of the law as laid down by the majority opinion or of the facts as found, the dissent simply stating: "I am of opinion that the Board has erroneously applied the law. The statute requires the petitioner to prove 'to the contrary' of the presumption that the transfer was made in contemplation of death. C. D. Lehman, Executor, 6 B. T. A. 791. I do not think the Board has tested the evidence by the statutory method. If it had done so, I think it would be decided that the preponderance of the evidence did not overcome the statutory presumption."

Thereupon the Commissioner filed this petition to review the action of the Board. After full argument and due consideration had, we are satisfied the Board committed no error.

The pertinent statute (Revenue Act 1921, § 402(c), 42 Stat. 278) provides: " * * * Any transfer of a material part of his property in the nature of a final disposition or distribution thereof, made by the decedent within two years prior to his death without such a consideration, shall, unless shown to the contrary, be deemed to have been made in contemplation of death within the meaning of this title."

The opinion of the Board discussed at length the cases bearing on the question of the meaning of the words "in contemplation of death," beginning with the statement of Lord Mansfield, which presumably was in the mind of Congress when this act was passed, viz. "We all have in us the seeds of mortality. But 'contemplation of death' is not the general knowledge of all men that they must die at some time," cited a large number of state and federal decisions, and ended with an approval of what was held in Rea v. Heiner (D. C.) 6 F.(2d) 389, 392: "These principles have been applied with great uniformity in the adjudicated cases, both in the state and federal courts. There is a common agreement that the words 'contemplation of death' mean not the general knowledge of all men that they must die; that it must be a present apprehension, from some existing bodily or mental condition or impending peril, creating a reasonable fear that death is near at hand; and that, so arising, it must be the direct and animating cause, and the only cause, of the transfer. If this apprehension, so arising, is absent, there is not that contemplation of death intended by the statute, especially when

another adequate motive actuating the gift is shown." We find ourselves in accord with this view, and indeed we find no authority to the contrary. Such then being the proper construction of the statute, we turn to the findings of fact made by the Tax Board. In view of the thorough discussion by that body of the voluminous proofs in the case, all of which is set forth in its opinion reported in 16 B. T. A. 15, we limit ourselves to that portion of the Board's summary which sets forth the major facts in the case, namely:

"Examining the facts in this case in the light of the above construed meaning of the phrase 'in contemplation of death,' we find a man, over four score years of age, actively engaged not only in managing the affairs of two of the largest department stores of the United States, but taking a vigorous part in numerous other business and community affairs as well. We find him cheerful, optimistic, mentally alert and planning far into the future. True, due to an enlarged prostate, he had been carrying for over ten years an indwelling catheter, which had to be changed every five days, but after the first two months his body had built up such an immunity to this condition that there was no longer any danger from its use. It had no effect on his general condition of health and had nothing whatever to do with his death. Outside of the catheter, and a predisposition to colds in cold weather, he was in excellent physical condition. He contracted a cold in September, 1922, which developed into bronchial pneumonia from which he died on December 12, 1922. Over 70 witnesses testified and over 70 exhibits were offered on behalf of the petitioner, and the record is replete with facts and circumstances showing that death was the farthest from John Wanamaker's mind. He told several people that he expected to live to be a hundred. He was planning on taking a very active part in the celebration of the Sesqui-Centennial to be held in 1926, had promised to be the principal speaker at an anniversary in 1932, and had in mind visiting Japan at some time in the distant future. Such facts do not indicate 'a present apprehension, from some existing bodily or mental condition or impending peril, creating a reasonable fear that death is near at hand.' "

Such being the case, and the Board having testimony before it to justify its finding, we are of opinion that no error is shown.

The petition of the Commissioner is denied, and the action of the Tax Board affirmed.