WORCESTER COUNTY NATIONAL BANK, administrator with the will annexed, *vs.* COMMISSIONER OF CORPORATIONS AND TAXATION.

Worcester.  September 23, 1930. — April 2, 1931.

Present: RUGG, C.J., CROSBY, PIERCE, SANDERSON, & FIELD, JJ.

*Tax,* On successions. *Trust,* Inter vivos. *Evidence,* Presumptions and burden of proof. *Words,* "Possession or enjoyment," "Bona fide purchase," "Full consideration in money or money's worth."

A man and a woman contemplating marriage agreed in writing that the man should create a trust of certain securities, the income to be paid to him during his life and the principal on his death to be paid to the woman whether the parties had been married or not; and the woman agreed that she would accept the provisions of the trust "in full satisfaction of all right of dower or other of her rights in the property of . . . [the man], statutory or otherwise, and all claims which she might have against . . . [his] estate . . . if she should survive him," and that "if any provisions . . . [were] made for her in . . . [his] will . . . (to make which there is no obligation on . . . [his] part . . .) she . . . [would] accept said provisions as mere gifts to her as though she were a stranger." The man accordingly then established such a trust of securities then valued at about $71,000, and married the woman. He died about eight years later, leaving an estate of personalty only valued at about $193,000, not including the principal of the trust fund, which then was of the value of about $124,000. There was a legacy to the woman of about $167,000. The issue was whether the principal of the trust passing to the widow was taxable under G. L. c. 65, § 1, in the amended form appearing in St. 1926, c. 148, § 1. *Held,* that

(1) The principal of the trust fund passed to the widow "by deed, grant or gift . . . made or intended to take effect in possession or enjoyment after . . . [the] death" of the man, within the meaning of the statute: although she acquired a vested equitable remainder

in the trust fund at the time of the execution of trust, she was not entitled to "possession or enjoyment" thereof until the death of the man;

(2) The transaction between the man and woman was "a *bona fide* purchase" within the meaning of the statute;

(3) It was not necessary to decide whether the marriage was "consideration in money or money's worth" within the meaning of the statute, since the value thereof, if any, measured in money was not shown;

(4) It was not necessary to decide whether the agreement of the woman to accept the provisions of the trust in lieu of her rights in her husband's property and of her claims against his estate was "consideration in money or money's worth," since the value in money of her rights in his estate, if not released, at no time would have equalled $124,000, the value of the principal of the trust fund at the time it came into her "possession or enjoyment" upon his death, and it did not appear that she had any claims against his estate apart from her rights in his property; and, therefore, whatever consideration was furnished by such agreement was not "full" consideration within the requirement of the statute;

(5) The principal of the trust fund was taxable under the statute.

The issue above described was raised by a petition in a probate court for instructions under G. L. c. 65, § 30, as amended by St. 1922, c. 520, § 19, by the administrator with the will annexed of the estate of the man. *Held*, that the burden was on the petitioner to show that the interest passing to the woman under the trust was "a *bona fide* purchase for full consideration in money or money's worth" within the meaning of G. L. c. 65, § 1, as so amended.

PETITION, filed in the Probate Court for the county of Worcester on August 3, 1929, and described in the opinion.

The petition was heard upon a case stated by *F. H. Chamberlain*, J. Material facts are stated in the opinion. By order of the judge there was entered a decree that the property in question was subject to a tax under G. L. c. 65, § 1, as amended. The petitioner appealed.

*J. W. Healey*, (*C. D. Bent* with him,) for the petitioner.

*G. B. Lourie*, Assistant Attorney General, for the respondent.

FIELD, J. This is a petition brought in the Probate Court under G. L. c. 65, § 30, as amended by St. 1922, c. 520, § 19, by the administrator with the will annexed of the estate of Herbert I. Wallace, late of Fitchburg, who died September 25, 1927, herein referred to as the decedent, for instructions whether certain personal property, held by the petitioner as trustee under an indenture of trust, executed by the decedent February 12, 1919, is subject to a tax under G. L. c. 65, § 1, as amended, imposing taxes upon legacies and succes-

sions. The parties agreed upon the facts. A decree was entered that the property is subject to a tax and the petitioner appealed.

The law in force at the date of the death of the decedent imposed a tax upon personal property of deceased residents of the Commonwealth which should "pass . . . by deed, grant or gift, except in cases of a bona fide purchase for full consideration in money or money's worth . . . made or intended to take effect in possession or enjoyment after his [the grantor's or donor's] death" with exceptions not here material. G. L. c. 65, § 1, as finally amended by St. 1926, c. 148, § 1. The law in force at the time the trust indenture was executed contained the same provision. St. 1907, c. 563, § 1, codified as St. 1909, c. 490, Part IV, § 1, as finally amended by St. 1916, c. 268, § 1. Though changes were made from time to time in the statute imposing taxes on legacies and successions between the date of the execution of the trust indenture and the date of the death of the decedent, the tax rate applicable to the property in question was the same on both dates and our attention has not been called to a change in any other respect which would affect the amount of the tax for which the petitioner would be liable. G. L. c. 65, which was a general revision of the laws relating to taxation of legacies and successions, is to be construed as continuing the previous laws, except in the respects in which a change is indicated (see *Mackintosh, petitioner*, 246 Mass. 482, 484–485, *Byfield* v. *Newton*, 247 Mass. 46, 56–57), and, of course, amendments of particular sections of statutes are to be so construed.

The petitioner contends (a) that the property held by it under the trust indenture did not pass "by deed, grant or gift . . . made or intended to take effect in possession or enjoyment" after the death of the decedent and (b) that if it did so pass there was "a bona fide purchase for full consideration in money or money's worth."

The facts agreed upon by the parties include the following: On February 12, 1919, the decedent was contemplating marriage with one Alice L. Geldert. He was then about sixty-three years of age, a widower and the father of three

children. His entire wealth amounted to about $1,100,000. By establishing the trust under the indenture in question and by making other arrangements before his marriage for the benefit of his children, with the knowledge and consent of said Alice L. Geldert, he reduced the value of his property to about $225,000. At this time she was about forty years of age, "unmarried . . . and the mother of two children by a former husband." Her entire wealth amounted to less than $1,000. Both the decedent and Mrs. Geldert were in good health. Their marriage took place on June 3, 1919, and they lived together as husband and wife until his death on September 25, 1927.

On February 12, 1919, the decedent and Alice L. Geldert entered into a written agreement whereby it was recited that a marriage between them was intended and that they desired "that all rights in each others property . . . shall be fixed and settled for all time," and it was agreed that the decedent should place certain securities in trust, "To permit the trustee to hold said securities or sell" them on his written order, to reinvest the proceeds and "to collect the income therefrom and to pay the net income" to him "quarterly," and "on his death to pay the principal of said trust fund free and clear of all trusts to said Alice L. Geldert, her heirs, executors, administrators and assigns, whether said marriage is had and solemnized or not"; that he, if he survived said Alice L. Geldert, would not claim any part of her property; that, if the securities or their equivalent were placed in trust as agreed, she would "accept the provisions of said trust agreement and the fund to be paid to her thereunder, in full satisfaction of all right of dower or other of her rights in the property of Herbert I. Wallace, statutory or otherwise, and all claims which she might have against the estate of said Herbert I. Wallace if she should survive him," and that "if any provisions . . . [were] made for her in the will of said Herbert I. Wallace (to make which there is no obligation on the part of said Wallace) she . . . [would] accept said provisions as mere gifts to her as though she were a stranger." On the same day an indenture of trust was made between the decedent and a trustee, a predecessor as such of the peti-

tioner, whereby the decedent, in accordance with his written agreement with Alice L. Geldert, hereinafter referred to as the beneficiary, transferred to such trustee securities of the value of $71,700 to be held in trust on the terms fixed by the agreement, and the trustee accepted the trust and acknowledged the receipt of the securities.  This indenture of trust was accepted by the beneficiary as in "full compliance with the requirements of said ante-nuptial agreement." "There is no suspicion of bad faith, or of intention to avoid payment of taxes, in the drawing of the agreement.  It was purely a business transaction, honorable and above board."

At the death of the decedent the value of the securities held by the petitioner in trust under the indenture was about $124,500, and the value of the interest taken by his widow under the will was about $167,000.  The rest of the estate, amounting to $26,000, was bequeathed to other persons.

*First.*  The property held by the petitioner under the trust indenture passed "by deed, grant or gift . . . made or intended to take effect in possession or enjoyment after . . . [the] death" of the decedent, within the meaning of the statute.

The transaction was within the description of the statute. The property passed from the decedent to the beneficiary "by deed, grant or gift."  Though upon the creation of the trust an equitable remainder in the trust fund, after the life estate of the decedent in such fund, vested in interest in the beneficiary, she was not entitled to "possession or enjoyment" of the fund or any part of it until the death of the decedent.  The "deed, grant or gift" was "intended to take effect in possession or enjoyment after his death."  Her present right to the future "possession or enjoyment" of the trust fund, which was "vested" in the sense of being assignable and transmissible by her during the life of the decedent (see *Nickerson* v. *Harding,* 267 Mass. 203, 207), was not "possession or enjoyment," within the meaning of the statute.  The statute recognizes the familiar distinction between taking effect in possession or enjoyment and vesting in right, title or interest.  *State Street Trust Co.* v. *Treasurer & Receiver General,* 209 Mass. 373, 378.  *Pratt* v. *Dean,* 246

Mass. 300, 307–308. *Saltonstall* v. *Treasurer & Receiver General*, 256 Mass. 519, 523–525; *Saltonstall* v. *Saltonstall*, 276 U. S. 260, 269–270. See also *Magee* v. *Commissioner of Corporations & Taxation*, 256 Mass. 512, 515–516; *Coolidge* v. *Commissioner of Corporations & Taxation*, 268 Mass. 443, 450–451; *United States* v. *Fidelity Trust Co.* 222 U. S. 158, 160. Apparently the Legislature intended to reach for the purpose of taxation the shifting of the enjoyment of property — the "economic benefits" thereof or "economic interest" therein (compare *Saltonstall* v. *Saltonstall*, 276 U. S. 260, 271; *Reinecke* v. *Northern Trust Co.* 278 U. S. 339, 346) — from a former owner at his death, even though such shifting of enjoyment followed necessarily from a prior transfer of title *inter vivos.* As was said in *State Street Trust Co.* v. *Treasurer & Receiver General*, 209 Mass. 373, 379, "The policy of the law is, that the owner of property shall not defeat or evade the tax by any form of conveyance or transfer, where after death the income, profit or enjoyment enures to the benefit of those who are not exempted." The decision in *Dexter* v. *Treasurer & Receiver General*, 243 Mass. 523, is not in conflict with this interpretation of the statute for as a result of the transfer considered in that case enjoyment of the property in question shifted before the death of the former owner. "The possession and enjoyment vested in the beneficiaries when the trust deed was delivered to the trustees." (Page 527.) See also *Shukert* v. *Allen*, 273 U. S. 545; *Reinecke* v. *Northern Trust Co.* 278 U. S. 339. The cases of *May* v. *Heiner*, 281 U. S. 238, and *McCaughn* v. *Carnill*, 43 Fed. Rep. (2d) 69, relied on by the petitioner, deal with the construction of Federal statutes imposing estate taxes and are distinguishable because of the terms of those statutes, if not on other grounds. See *Milliken* v. *United States*, 283 U. S. 15, 19, *Coolidge* v. *Long*, 282 U. S. 582, is distinguishable in its facts.

*Second.* There was not "a bona fide purchase for full consideration in money or money's worth" within the meaning of the statute.

In general a succession to property upon the death of the former owner is subject to an excise even though it results

from a transfer made for consideration or in performance of a legal obligation resting upon the transferor. *Clarke v. Treasurer & Receiver General*, 226 Mass. 301. *Hill* v. *Treasurer & Receiver General*, 227 Mass. 331, 335. *Lane* v. *Richardson*, 234 Mass. 403. The excepted cases are those of "a bona fide purchase for full consideration in money or money's worth" where property passes "by deed, grant or gift . . . made in contemplation of the death of the grantor or donor or made or intended to take effect in possession or enjoyment after his death." G. L. c. 65, § 1, as amended. See *Clarke* v. *Treasurer & Receiver General, supra*, at page 303. The burden of showing that the succession now in question was within this exception to the general rule is on the petitioner. *State Street Trust Co.* v. *Treasurer & Receiver General, supra.* See *Boston Society of Redemptorist Fathers* v. *Boston*, 129 Mass. 178, 180.

The transaction was "a bona fide purchase." It remains, however, to determine whether there was "full consideration in money or money's worth." See *Hill* v. *Treasurer & Receiver General*, 227 Mass. 331, 333–334. The basis on which taxes upon succession to property are computed is the value of the property at "the time of the death of the decedent" or, if the succession takes effect "in possession or enjoyment after the expiration of one or more life estates or of a term of years," its value at the time the beneficiary "becomes entitled to the same in possession or enjoyment." St. 1907, c. 563, § 6, codified as St. 1909, c. 490, Part IV, § 6. G. L. c. 65, § 13, as amended by St. 1924, c. 300, § 1. In this case the time of the death of the decedent was the same as the time, after the expiration of a life estate, the beneficiary became "entitled to the . . . [property] in possession or enjoyment." The value at this time is the measure of the benefit resulting to the beneficiary from her coming into possession or enjoyment of the property. In the light of this principle the court, in *State Street Trust Co.* v. *Treasurer & Receiver General*, 209 Mass. 373, 380, in construing the statutory provision for an exemption in the case of a "deed, grant or gift" for a consideration, said that the statute "is not complied with unless the consideration, whatever form it may

assume, is not only valuable, but full, by covering the value in money, or the equivalent in money of the property transferred" and that the consideration in "money's worth" must "equal or exceed the fair value of the property at the death of the transferror" if no tax is to be imposed, and denied exemption as the consideration was "insufficient in amount to equal" the value at the death of the grantor of the property passing to the beneficiaries. Cases arising under statutes granting exemptions where the consideration is "fair" (*Ferguson* v. *Dickson*, 300 Fed. Rep. 961, *McCaughn* v. *Carver*, 19 Fed. Rep. [2d] 126) are distinguishable. Compare also *In re Brix*, 181 Cal. 667, 674; *In re Orvis*, 223 N. Y. 1, 8. Unless, therefore, the "consideration in money or money's worth," when it passed from the beneficiary, was at least equal in value to the trust property, when she became entitled to possession or enjoyment thereof, she derived a taxable benefit from the succession. There is no provision in the statute for partial exemption on account of partial consideration.

The petitioner contends that the beneficiary's marriage to the decedent or her agreement to marry him, and her agreement to "accept the provisions of said trust agreement and the fund to be paid to her thereunder, in full satisfaction" of her dower and other rights in the estate of the decedent and of her claims against his estate, constituted "full consideration in money or money's worth" for the creation of the trust. The value, at the time of the decedent's death, of the property to which the beneficiary became entitled in possession or enjoyment under the trust indenture, was $124,500. The petitioner has not proved that consideration "in money or money's worth," moving from the beneficiary, equaled or exceeded this amount.

The written agreement between the decedent and the beneficiary was antenuptial in character, but it contained no promise by either of them to marry the other. Nor do the facts show any previous binding promise to marry. Whether or not, prior to the written agreement and the contemporaneous trust indenture of February 12, 1919, there was an agreement binding the beneficiary to marry the

decedent, it is apparent that the marriage was contemplated as consideration to be furnished by her in exchange for the benefits to accrue to her from the creation of the trust (see Williston on Contracts, § 486), though she was to retain those benefits even if there had been no marriage. Such a marriage is to be treated as constituting a valuable consideration. *Smith* v. *Allen*, 5 Allen, 454, 458. *Huntress* v. *Hanley*, 195 Mass. 236, 239. We are not required, however, to decide whether marriage, though a valuable consideration, is "consideration in money or money's worth" within the meaning of the statute (see *Ferguson* v. *Dickson*, 300 Fed. Rep. 961, 964; *In re Schmoll*, 191 App. Div. [N. Y.] 435, 441–442; affirmed, 230 N. Y. 559; *Floyer* v. *Bankes*, 3 De G. J. & S. 306, 312), for the facts do not show the value, if any, measured in money of this marriage. Therefore it must be disregarded in computing the value of the consideration moving from the beneficiary.

Doubtless the agreement of the beneficiary to "accept the provisions of said trust agreement and the fund to be paid to her thereunder" in lieu of the rights in the property of the decedent which would accrue to her from her marriage to him — "all right of dower or other of her rights in . . . [his] property . . . statutory or otherwise, and all claims which she might have against . . . [his] estate . . . if she should survive him," may be described properly as a "valuable consideration" (see *Ferguson* v. *Dickson, supra*; *McCaughn* v. *Carver, supra*; *In re Baker*, 83 App. Div. [N. Y.] 530, 533; affirmed 178 N. Y. 575; *In re Schmoll, supra*), but that is not the test of exemption under this statute. Whether this consideration — which did not tend, even indirectly, to swell the estate of the decedent — was "consideration in money or money's worth," within the meaning of this statute, need not be decided, for those rights and claims, if not released, would at no time have had a value, measured in money, of $124,500. The beneficiary would have had no rights by reason of her marriage in the property which previously was set aside by him for the benefit of his children. The rest of his property, including that placed in trust under the trust indenture, was worth

about \$296,700 at the date of the agreement and presumably at the date of the marriage, and about \$317,500 at the date of his death. It does not appear that any part of this property was real estate so that any inchoate dower rights would have accrued to her upon marriage. The decedent could have disposed of all this property, apart from the beneficiary's interest in the property held in trust by the petitioner under the trust indenture, during his lifetime. *Redman* v. *Churchill*, 230 Mass. 415. Compare *Eaton* v. *Eaton*, 233 Mass. 351, *Doane* v. *Doane*, 238 Mass. 106, 112. The beneficiary, apart from the trust, would have acquired no interest in the decedent's property during his lifetime unless he invested in real estate, which, so far as appears, he never did. At the death of the decedent leaving issue the beneficiary's interest in his property, in the absence of a will, would not have exceeded one third in value of such property (G. L. c. 190, § 1, [2]; see R. L. c. 140, § 3, [3]) and, if he left a will, and she waived its provisions, her interest would not have exceeded \$10,000 and "the income during . . . her life of the excess . . . above that amount" of one third of such property. G. L. c. 191, § 15; see R. L. c. 135, § 16. It is apparent, therefore, that up to the time of the decedent's death the value of the beneficiary's prospective rights in his property, apart from the trust, was wholly conjectural, and it is not shown that even at that time, in the events which have happened, the value of her rights therein if not released, would have equaled or exceeded \$124,500, except as he voluntarily made provision for her by his will. Furthermore, it does not appear that there were any "claims which she might have against . . . [his] estate . . . if she should survive him," apart from her interest in his property. The antenuptial agreement created no debt against the estate, as in *Hill* v. *Treasurer & Receiver General*, 227 Mass. 331, 334, and no claim for damages for breach of a contract to marry would have survived his death. *Chase* v. *Fitz*, 132 Mass. 359.

All the questions argued have been considered and no error is disclosed.

*Decree affirmed.*