No. 30,420.

P. C. Daum et al., *Appellants,* v. The Inheritance Tax Commission of the State of Kansas, Walter Pleasant, Rodney A. Elward and Clarence Smith, as Members Thereof, and J. A. Eddy, County Treasurer of Shawnee County, *Appellees.*

(9 P. 2d 992.)

Opinion filed April 9, 1932.

*Hugh MacFarland,* of Topeka, for the appellants.

*J. Glenn Logan,* county attorney, and *Ernest E. Blincoe,* attorney for Inheritance Tax Commission, for the appellees.

The opinion of the court was delivered by

HARVEY, J.: This is an action to recover inheritance taxes paid under protest. The trial court sustained a demurrer to plaintiffs' petition and they have appealed.

The facts are not in controversy and are so alleged that the action may be disposed of on the demurrer. Briefly, they are as follows: Naham I. Dalton and his wife, Louise C. Dalton, owned, individually and collectively, a substantial amount of property. They had no living issue. They entered into a contract between themselves under the terms of which it was agreed that no disposition of their property should be made while both were living, but that the survivor of them should make a will leaving all of the property, one-half to next of kin of Naham I. Dalton and the other one-half to the next of kin of Louise C. Dalton. Naham I. Dalton survived his wife. At his death he left a will leaving all the property to his next of kin. The next of kin of Louise C. Dalton brought an action against the executor of the will, and the beneficiaries therein named, contending that by virtue of the contract above mentioned they were entitled to an undivided one-half of all the property owned by Naham I. Dalton at the time of his death. Issues were joined, and upon a trial the court found for plaintiffs and decreed that they were the owners of one-half of the property and that they recover the same from the defendants, subject to administration of the estate in the probate court. No appeal was taken from that judgment. It was duly certified to the probate court, where administration was being had on the estate of Naham I. Dalton, and that court directed the executor to make distribution of the estate in accordance with the judgment so certified. The report of this distribution was made to the inheritance tax commission, which made an order assessing an inheritance tax against the next of kin of Louise C. Dalton on the amount of money they received by reason of this distribution. They paid the tax under protest and later brought this action to recover the amount of the tax so paid.

In this action plaintiffs contend that they acquired the property referred to under and by virtue of the contract entered into between Naham I. Dalton and Louise C. Dalton prior to their death, and that the property acquired is not subject to an inheritance tax. The trial court held that the former action by plaintiffs, as a result of

which they acquired the property, "was in the nature of an action for specific performance; that is, the plaintiffs there were claiming the right they would have had if Dalton had made a will. . . . While no will was made, the plaintiffs in this case take practically on the theory that what was agreed to be done was in fact done. The devisees under Dalton's will were, in effect, charged as trustees." (Citing *Matter of Kidd*, 188 N. Y. 274.) The trial court further held:

"In addition the right or grant given by Dalton to his wife was made in contemplation of death, and was intended to take effect in enjoyment after his death, within the meaning of section 79-1501, R. S. 1923."

Judgment was rendered for defendants.

The portion of the statute (R. S. 79-1501) necessary to be considered reads as follows:

"All property, . . . which shall pass by will or by the laws regulating intestate succession, or by deed, grant or gift made in contemplation of death, or made or intended to take effect in possession or enjoyment after the death of the grantor, to any person, absolutely or in trust, except in case of a *bona fide* purchase for full consideration in money or money's worth; . . . shall be taxed as herein provided."

Generally speaking, the design of the statute is that the tax shall be levied upon all property which passes to one person by reason of the death of another, unless there has been a *bona fide* purchase of the property for which there has been full payment in money or money's worth. This last situation, of course, could arise only by contract (although the word "contract" is not used in the statute), and the person to whom the property passes is, in effect, a creditor, having become entitled to specific property, or to a specific sum of money, by reason of having paid for the same in money or money's worth. The law does not contemplate that the creditor of an estate shall be taxed on the sum due him, hence the specific exception is made. It is not contended in this case that the plaintiffs had, by any contract which they made with Mr. or Mrs. Dalton, or both of them, paid in money, or money's worth, the value of the undivided half interest in the property; hence it is clear they do not come within the exception named in the statute. They made no contract with anyone. The contract was one between Mr. and Mrs. Dalton. Between them there was a consideration for it. These plaintiffs paid no consideration. They were beneficiaries of the contract made between Mr. and Mrs. Dalton. That contract was that these plain-

tiffs were to receive a half interest in the property by a will. Mr. Dalton made a will. They did not seek to set that will aside. Had that been attempted and accomplished all the property would have passed under the laws of descent to the next of kin of Mr. Dalton, and these plaintiffs would have received nothing. Stated in one way, their action was to modify the will, enlarge it, or reform it, so that it would conform to the contract made between Mr. and Mrs. Dalton for their benefit. Legally speaking, they charged the executor and devisees under the will as trustees for them. They succeeded in that action, and the half interest in the property, subject to its administration in probate court, passed to them, just as it would have passed had Mr. Dalton made the will as he had agreed with his wife he would make it. It is not inappropriate, therefore, to say that the property passed to them under the will of Mr. Dalton.

The precise question was before the court of appeals of New York in the case of *Matter of Kidd,* 188 N. Y. 274, 80 N. E. 924. In that case George W. Kidd died possessed of a substantial estate. He left a will by which a stepdaughter, Mrs. Dickinson, was a beneficiary to a limited extent. Mrs. Dickinson brought an action against the executor and beneficiaries under the will, alleging an antenuptial agreement between her mother and George W. Kidd whereby, in consideration of the marriage and the promise of her mother to turn over to him $40,000 to be used in his business, he agreed, in certain contingencies which existed, to make a will leaving all the property to her, and alleging the performance of the agreement by her mother and the failure of George W. Kidd to perform the same on his part. She recovered judgment as prayed. Thereafter she instituted a proceeding to have the estate declared exempt from tax, contending she had received the property by virtue of a contract. The court held against that contention. In the opinion it was said:

"The contract between the plaintiff's mother and the deceased, . . . was to bequeath and devise to his stepdaughter by will, . . . It was not a contract to convey, but a contract to make a will in her favor. . . . It does not affect the question of the liability of the estate to taxation that in consequence of the failure of the testator to carry out his promise Mrs. Dickinson was obliged to resort to a court for relief. The method by which a court of equity . . . enforces an agreement of the character of the one before us, is well settled. It does not set aside the will, for in the present case such a judgment would do the plaintiff . . . no good; she was neither heir at law nor next of kin; but it converts the devisees under the will, . . . into

trustees for the beneficiary under the original agreement. . . . Therefore, the devolution of the property has, in fact, taken place under the will and such devolution is subject to the transfer tax." (pp. 278, 279, 280.)

The question was again before the court in *Matter of Howell,* 255 N. Y. 211, 174 N. E. 457. Changes in the statute and decisions in other New York cases were commented upon and the rule announced in *Matter of Kidd,* supra, was approved and followed. We regard the reasoning as sound, although a somewhat different view was taken by the prerogative court of New Jersey in *In re Soden,* 105 N. J. Eq. 595, 148 Atl. 12, relying upon some of the language used in *Bente v. Bugbee,* 103 N. J. L. 608, 137 Atl. 552. Unquestionably had the will been made in accordance with the contract between Naham I. Dalton and his wife, the property received by these plaintiffs would be subject to tax. (*State v. Mollier,* 96 Kan. 514, 152 Pac. 771; *State, ex rel., v. Gerhards,* 99 Kan. 462, 162 Pac. 1149; *Krug v. Douglas County,* 114 Neb. 517, 208 N. W. 665; *State, ex rel., v. Probate Court,* 168 Minn. 508, 210 N. W. 398; *Lane v. Richardson,* 234 Mass. 403, 126 N. E. 44.)

Appellants cite and rely on *Nelson v. Schoonover,* 89 Kan. 779, 784, 132 Pac. 1183. The case is not convincing. Indeed, it is scarcely persuasive to support appellants' contention, for two reasons: (1) The opinion cited is one denying a motion for rehearing. The original opinion appeared in 89 Kan. 388, 131 Pac. 147. The question whether the property involved was subject to an inheritance tax was not an issue in the case, nor were parties before the court against whom a binding adjudication could have been made. The question was not briefed. What was said in the opinion was in answer to a suggestion of counsel relative to a question not before the court. For that reason what was said cannot be regarded as authoritative. (2) The pertinent language of the opinion is:

"The plaintiff does not derive title to the property by descent or will, but by contract. . . . The property was in a sense his before his wife's death. At all events he had paid for it, . . ." (p. 784.)

The writer of the opinion obviously had in mind the provision of the statute (R. S. 79-1501), "except in case of a *bona fide* purchase for full consideration in money or money's worth." As previously pointed out herein, plaintiffs in this case had not paid full consideration in money or money's worth for the property they received. Indeed, it is not contended they paid anything for it; hence the language referred to is not authority in support of their view. The

language of the opinion not in harmony with the views expressed herein is disapproved.

As an additional reason for its judgment in this case the trial court held:

"The right or grant given by Dalton to his wife was made in contemplation of death and was intended to take effect in enjoyment after his death, within the meaning of our statute (R. S. 79-1501)."

Appellants complain of that holding and say "there was never any right or grant given by Dalton to his wife." But this is hardly accurate. As between Dalton and his wife, under the contract between them, their grants and gifts were reciprocal. Either could have made a will without the consent of the other disposing of one-half of his or her property as he or she saw fit. They did not desire to do so. Each wanted the survivor to own, possess and enjoy all the property as long as he or she lived, and granted or gave up the right to make a separate disposition of it for the agreement that the survivor would, by will, leave all of it, one-half to his next of kin and one-half to her next of kin. Each of them made such a grant or gift at the time the contract was made. We are not so much concerned here with whether this was a grant or gift "in contemplation of death," or whether it was "made or intended to take effect in possession or enjoyment after the death." These phrases are not identical. (Pinkerton and Millsaps on Inheritance and Estate Taxes, § 141.) The phrase, "in contemplation of death," as used in statutes of this character, has been frequently defined by the courts. The definitions are not entirely uniform. In some states it has been defined by statute. (*Schlesinger v. Wisconsin,* 270 U. S. 230; *United States v. Wells,* 283 U. S. 102; *Shwab v. Doyle,* 269 Fed. 321; *Flannery v. Willcuts,* 25 F. 2d 951; *Commissioner of Internal Revenue v. Nevin,* 47 F. 2d 478; *Estate of Pauson,* 186 Cal. 358, 199 Pac. 331; *The People v. Northern Trust Co.,* 324 Ill. 625, 155 N. E. 768; *Worcester County Nat. Bank v. Commissioner of Corp., etc.,* [Mass.] 175 N. E. 726; *In re Estate of Bronzynski,* 116 Neb. 196, 216 N. W. 558; *Kunhardt v. Bugbee,* 3 N. J. Mis. R. 1107, 130 Atl. 660; *Matter of Fieux,* 241 N. Y. 277, 149 N. E. 867; *In re Thompson's Estate,* 72 Utah 17, 269 Pac. 103; *In re Gaudette's Estate,* [Wash.] 5 P. 2d 503; *State v. Pabst,* 139 Wis. 561, 121 N. W. 35; and cases collected in the annotation 49 A. L. R. 864.)

We are not concerned in this case with its specific definition, and shall not undertake to formulate one. It is clear that plaintiffs in

this case were not to come into "possession or enjoyment" of the property here in question until after the death of both Mr. and Mrs. Dalton. If the phrase "in contemplation of death," as used in our statute, does not cover the situation, it is clear that the other phrase does do so. The ruling of the trial court on this branch of the case is sound.

The judgment of the court below is affirmed.