In the Matter of the Estate of FRANK A. SEITZ, Deceased. STATE TAX COMMISSION, Appellant; SELMA SEITZ et al., Respondents.

(Argued April 25, 1933; decided May 23, 1933.)

*Seth T. Cole* and *William Dale O'Brien* for appellant.

*Charles A. Voss* for Selma Seitz, respondent.

*Charles G. Stevenson, Jr.,* for Fred J. Seitz et al., as executors of Frank A. Seitz, deceased, respondents.

34

KELLOGG, J.  An ante-nuptial agreement was entered into on the 14th day of October, 1908, between Frank A. Seitz and Selma Herzfeld, who afterwards became husband and wife.  Recitals are made in the agreement that a marriage between the parties is intended to be had; that Frank A. Seitz had previously conveyed all his real estate to a corporation in which he owned all the stock; that Selma Herzfeld had full knowledge of these conveyances, and was fully aware that, if Frank A. Seitz died first, he might cut her off completely by bequeathing all his personal property to others.  The agreement states the consideration to be the sum of one dollar paid and the mutual promises of the parties, including their promises to intermarry.  Frank Seitz agrees to give Selma Herzfeld the sum of $20,000, " conditioned upon her surviving him six months subsequently to his death," payment to be made by his executors six months after his death, with interest at five per cent from such date.  Selma Herzfeld agrees to accept the $20,000 thus to be paid her in full satisfaction of all claims for dower in

the real estate which Seitz then owned or might thereafter acquire. Frank Seitz died on January 26, 1931, leaving a will, wherein he bequeathed to his wife, Selma Seitz, the sum of $20,000 " in full satisfaction and discharge of the ante-nuptial agreement." The question arising is whether or not the sum to be transferred is subject to an estate tax under article 10-C of the Tax Law (Cons. Laws, ch. 60)

The article was newly added to the Tax Law by chapter 710 of the Laws of 1930, and was made applicable to the estates of all persons dying after the article became effective. (Tax Law, § 249-mm.) Section 249-r of the new article provides, among other things, that, for the purpose of calculating the estate tax, there shall be included in the gross estate of a decedent all property real or personal, " to the extent of the interest therein of the decedent at the time of his death." It also provides that there shall be included all properties " to the extent of any interest therein of which the decedent has at any time made a transfer, by trust or otherwise, in contemplation of or intended to take effect in possession or enjoyment at or after his death." Certainly, all moneys coming into the hands of the executors of Frank Seitz, from which the $20,000 must be paid to his wife, whether in satisfaction of a debt created by the contract, or of a legacy created by the will, constitute an " interest " in property belonging to " the decedent at the time of his death." However, even if it were thought that the ante-nuptial agreement created a present transfer by Frank Seitz of the sum of $20,000, nevertheless that transfer would be one " intended to take effect in possession or enjoyment at or after his death." Thus, under either theory, the statute would apply to make the sum of $20,000, which the wife was to receive, a part of the gross estate of Frank Seitz at the time of his death.

The question then arising is whether or not the $20,000 to be paid should be deducted, as a debt of the estate,

from the gross assets, to determine the net or taxable estate. Section 249-s provides that there shall be deducted " such amounts for * * * claims against the estate * * * to the extent that such claims * * * were incurred or contracted *bona fide* and for an adequate and full consideration in money or money's worth * * *." Obviously, as the ante-nuptial agreement recited that Frank A. Seitz had conveyed all his real estate to a corporation, the promise of Selma Herzfeld to release all claims for dower could not then have constituted a consideration for the promise to pay her $20,000, which was either " adequate " or " full." The question, therefore, is reduced to this: Did the promise of Selma Herzfeld to marry Frank A. Seitz constitute a consideration which was " adequate and full," calculated " in money or money's worth? "

In *Prewit* v. *Wilson* (103 U. S. 22, 24) the court, in holding that marriage constituted a sufficient consideration to support a conveyance from husband to wife, to defeat the claims of creditors, cited with approval this sentence from Bishop on the Law of Married Women (§§ 775, 776): " Marriage is to be ranked among the valuable considerations, yet it is distinguishable from most of these in not being reducible to a value which can be expressed in dollars and cents, while still it is in general terms of the very highest value." In *Ferguson* v. *Dickson* (300 Fed. Rep. 961) the question was whether an ante-nuptial settlement constituted " a *bona fide* sale for a fair consideration in money or money's worth," within the meaning of an act of Congress, excluding from the gross estate of the settlor, for the purposes of assessing an estate tax, the moneys or property involved in such a sale. The court held that it was; but, in so doing, noted this distinction: " We think Congress, in using the words ' fair consideration,' meant to distinguish them from ' adequate consideration,' as used in the act of 1864. * * * ' Fair consideration ' means a consideration which under all the circumstances is honest, reasonable,

and free from suspicion, whether or not strictly ' adequate ' or ' full.' " In *Floyer* v. *Bankes* (3 DeG., J. & S. 306) the Lord Chancellor, in considering an exemption based upon statutory words, excluding from the gross estate to be taxed moneys to be transferred in satisfaction of a contract for a consideration in " money or money's worth," held that a transfer contracted to be made in consideration of a promise of marriage was not such a contract. The Lord Chancellor said: "A contract, to be excepted, must be *bona fide* made in consideration of money or money's worth — words which appear to have been selected for the purpose of excluding the consideration of marriage." To the same effect is the opinion in *Worcester County Nat. Bank* v. *Commissioner of Corporations & Taxation* (275 Mass. 216).

We think it clear, both in reason and in authority, that a promise to marry is not " an adequate and full consideration in money or money's worth," for a transfer of property real or personal. The cases of *Matter of Baker* (83 App. Div. 530; 178 N. Y. 575); *Matter of Orvis* (223 N. Y. 1); *Matter of Vanderbilt* (184 App. Div. 661; 226 N. Y. 638); *Matter of. Schmoll* (191 App. Div. 435; 230 N. Y. 559), relied upon by the respondent and the Appellate Division, are not addressed to the question here presented, which arises under the wording of a statute enacted since those decisions were made.

The respondents assert that, if our construction of the new statute be correct, then the statute, under *Coolidge* v. *Long* (282 U. S. 582, 594, 597), is unconstitutional. In that case a statute of the State of Massachusetts in terms imposed an estate tax upon all property passing by grant, " intended to take effect in possession or enjoyment " after the grantor's death, with certain exceptions. It was held that the statute could not constitutionally apply to property conveyed in trust to the grantors for life, with remainders over to children to take effect in possession after the death of the life tenants. " By the

deed of each grantor one-fifth of the remainder was immediately vested in each of the sons subject to be divested only by his death before the death of the survivor of the settlors. It was a grant *in præsenti* to be possessed and enjoyed by the sons upon the death of such survivor," said the court. In our case, there was no present vesting of an estate, in the prospective wife, at the moment when the ante-nuptial agreement was signed. There was no specific property to constitute the subject of a grant. During life, the husband, without offending the agreement, might alienate all his property, leaving no estate from which the agreement might be satisfied. Moreover, the wife must survive the husband for six months, in order to receive any sum whatsoever. Obviously, there was here no present vesting of property. There was merely a promise to pay a sum of money after death, if the promisee survived the death, and lived for six months thereafter. Title to the moneys promised would come to the wife, if at all, after, not before, the death of her husband. Thus, it cannot be said here, as it was said in *Coolidge* v. *Long* (*supra*), that the statute, as construed by us, imposed a tax upon the transfer of property, title to which had vested previously to the death.

The order of the Appellate Division and the order of the Surrogate's Court modifying the *pro forma* order assessing the tax should be reversed, and the *pro forma* order of the Surrogate affirmed, with costs to the appellant in all courts.

POUND, Ch. J., CRANE, LEHMAN, O'BRIEN and CROUCH, JJ., concur; HUBBS, J., not sitting.

Ordered accordingly.