IVER O. MOSSBERG ET AL., EXECUTORS (WILL OF OSCAR F. MOSSBERG) *v.* CHARLES J. MCLAUGHLIN.

MALTBIE, C. J., AVERY, BROWN, JENNINGS and ELLS, Js.

Argued June 7—decided July 16, 1940.

*Louis Weinstein,* with whom was *Frederic W. Dauch,* deputy tax commissioner, and, on the brief, *Francis A. Pallotti,* attorney general, for the appellant (defendant).

*Charles M. Lyman,* for the appellees (plaintiffs).

AVERY, J.   On the former appeal in this case, *Mossberg* v. *McLaughlin,* 125 Conn. 680, 7 Atl. (2d) 910, it was decided that the transfers of property hereinafter described were made by the decedent in contemplation of death, but the case was remanded to the Superior Court "with direction to determine as to the existence of consideration received by the transferor so as to be available to affect the amount of tax and, if any, its value and application."   The decedent, Oscar F. Mossberg, died December 27, 1937. On October 30, 1937, he executed an agreement whereby he gave to each of his three children $25,000 in cash and a 20-year option to purchase one-third of his holdings in O. F. Mossberg & Sons, Inc., in consideration of which they each agreed to pay their mother, decedent's wife, $5000 per year in monthly payments for the rest of her life, and she agreed to release the decedent from any and all obligations to furnish maintenance and support to her during her lifetime and to relinquish any claim she might have by way of a statutory or distributive share of his estate.

At the same time, the decedent executed three deeds of trust under each of which he transferred one-third of his stock in O. F. Mossberg & Sons, Inc., subject to the option above-mentioned, to a trustee.   Each trust

provided that the trustee should pay to the beneficiary so much of the income as in his discretion he might see fit, and at the end of five years pay over and deliver the principal to the beneficiary. The decedent also retained the power to change the trustee or beneficiary during his lifetime, but this power was never exercised. The money and stock were transferred at the time of the execution of these instruments. After the decedent's death, his widow renounced any claim to a statutory share in his estate. Two of the children did not make the monthly payments agreed upon to their mother prior to the decedent's death, but these two did make the $5000 payment to her after his death. The finding is silent as to whether the other son ever made the monthly payments and leaves uncertain whether he paid the $5000 before or after his father's death. If Mrs. Mossberg had been separated from her husband and living alone, her living expenses would have been $3500 per year. However, after the execution of the agreement, the decedent and his wife continued to live together as they had done before, and the decedent continued to pay all her living expenses until his death. Upon these facts, the trial court decided that the decedent received consideration for the transfers consisting of the following three items: (a) the value of a $15,000 annuity to Mrs. Mossberg, which, at her age of seventy-two years, was worth $81,885; (b) the relinquishment of Mrs. Mossberg's right to support from October 30, 1937, to the date of his death, December 27, 1937, based on annual living expenses of $3500, which was found to be worth $556.22; (c) the value of the widow's statutory share in the decedent's estate as the same should thereafter be determined by the Court of Probate upon a proper accounting by the executors of the estate.

The question involved on this appeal is the con-

struction of subdivision (f) of § 285d of the 1937 (§ 395e of the 1939) Supplement to the General Statutes, which provides: "If any transfer, specified in subdivisions (c), (d) and (e) of this section should be made for a valuable consideration, so much thereof as is the equivalent in money value of the money value of the consideration received by the transferor shall not be taxable, but the remaining portion shall be taxable." In order that any part of a transfer shall not be taxable under this section, three elements must be considered: (1) there must be a valuable consideration; (2) the consideration must be received by the transferor; (3) so much of the property transferred as is the equivalent in money value of the money value of the consideration shall not be taxable. The statute states that the consideration must be "received by the transferor." These words mean actually received by him. It is further to be noted that only the money value of the consideration is deductible. A consideration which is incapable of being valued in terms of money cannot be claimed as a deduction. *In re Seitz's Estate*, 262 N. Y. 32, 37, 186 N. E. 193; and see *Worcester County National Bank* v. *Commissioner of Corporations and Taxation*, 275 Mass. 216, 220, 175 N. E. 726. The exemption applies only to so much of the property transferred as to which the grantor received equivalent monetary value. *In re Whittier's Estate*, 10 N. Y. S. (2d) 354, 357, 256 App. Div. 377; *In re Stephan's Estate*, 201 N. Y. S. 461, 462, 121 Misc. 596; *In re Hollander*, 123 N. J. Eq. 52, 59, 60, 195 Atl. 805; *In re Kraft's Estate*, 103 N. J. Eq. 543, 548, 549, 143 Atl. 764.

The purpose of the provision in question was evidently to avoid the possibility of what would in effect amount to double taxation, upon the property transferred and upon the equivalent in value received by

the decedent which might in turn pass by inheritance, and to free the person who has given consideration and would ultimately have to pay the tax from the imposition of that burden when the giving of that consideration would in no wise fall within the accepted field of succession taxation. To the extent to which consideration in money or its equivalent goes to increase the estate of the decedent, the deduction would be within the intent of the statute. To hold, however, that a mere promise, which might be sufficient consideration to support an agreement but performance of which was never insisted upon, amounted to consideration received by the transferor would open the way to those very evasions from taxation which the imposition of taxes upon transfers made in contemplation of death is designed to avoid. *Hackett* v. *Bankers Trust Co.*, 122 Conn. 107, 117, 187 Atl. 653. The phrase in the statute "received by the transferor" must have been intended to mean the actual receipt of consideration having money value which might result in an increase of the decedent's estate passing at his death, not a mere promise the performance of which he might waive or never insist upon.

Considering the substance of these transactions, the decedent gave money and property to his children for which they agreed to pay certain amounts as annuities to his wife during her life. No consideration in money was received by the decedent for these transfers; on the contrary, he transferred some of his property to purchase the annuities. *Daum* v. *Inheritance Tax Commissioner*, 135 Kan. 210, 212, 9 Pac. (2d) 992. In the cases cited by the plaintiffs in support of the contention that annuities should be deducted the issue was whether or not the transfers were made in contemplation of death, a question which, as far as this case is

concerned, was settled by our previous decision. *Mossberg* v. *McLaughlin,* supra. So far as the relinquishment by his wife of her right to her distributive share in his estate is concerned, this agreement upon the part of his wife furnished no consideration of money value to him. It would not take effect until his death and would in no way increase the amount of his estate. See *Worcester County National Bank* v. *Commissioner of Corporations and Taxation,* supra. There was no consideration of money value received by the decedent from the agreement of his wife releasing him from any obligation to support her, because it appears that after the execution of the agreement he continued to furnish such support until the time of his death precisely as he had done theretofore.

It follows that the trial court was in error in determining that any deduction from the succession tax was to be made under the provisions of 1937 Supplement to the General Statutes, § 285d, subdivision (f), in respect to any of the three items mentioned.

There is error, and the case is remanded to the Superior Court with direction to enter judgment dismissing the appeal.

In this opinion the other judges concurred.