In the Matter of the Estate of MAGDALENA BENNECHE, Deceased.

Surrogate's Court, New York County, June 6, 1936.

*Blumenthal & Levy,* for the petitioners-executors-appellants.

*Edgar Hirschberg* [*John J. Buckley* of counsel], for the State Tax Commission, respondent.

FOLEY, S. This is an appeal by the executors from the *pro forma* order of February 14, 1936, fixing the estate tax. The ground of appeal is that the appraiser failed to allow as a deduction from the gross estate a claim or debt in the sum of $100,000.

The decedent died on January 9, 1935. On October 17, 1912, before the entry of a final decree of divorce between the decedent

and her husband, Edward Benneche, the parties entered into an agreement which made provision for the decedent in lieu of alimony. In the agreement the decedent promised to leave by her last will and testament a sum not less than $100,000 to the children or issue of her marriage with Edward Benneche. The second paragraph of this decedent's will bequeaths the sum of $100,000 to the five children of the marriage in conformity with the agreement. In the schedules filed with the appraiser the sum of $100,000 is listed as a debt paid to the children of the marriage.

The questions presented are: (1) Is the sum of $100,000 properly included as part of the gross estate under section 249-r of the Tax Law? (2) Is the sum of $100,000 a proper deduction under section 249-s of the Tax Law as a claim based on an adequate and full consideration in money or money's worth?

The contention of the executors is that the outright payment of $100,000 to the decedent under the agreement of October 17, 1912, was the corresponding consideration for the decedent's promise to bequeath an equal amount to the issue of the marriage. The agreement, however, discloses that there were additional pecuniary benefits passing to the decedent, that she on her part assigned to her husband various interests in real property, released her dower interest and claims to alimony, waived any claim for support of a minor child of the marriage, and released third parties from any claims for acts connected with the divorce proceeding. It is quite apparent that the decedent's promise to bequeath $100,000 to the issue of the marriage was not the only consideration for the payment to her of that amount by her husband.

In the opinion of the surrogate, there is a clear basis under the provisions of the Tax Law for the inclusion of the $100,000 fund in dispute here as part of the gross estate of the decedent. I am also of the opinion that the amount may not be allowed as a deduction and that no consideration under the statutory definition existed for the making of the promise by the decedent to leave the fund to the children of her marriage with her husband.

The situation here is not very different from that determined by the Court of Appeals in *Matter of Seitz* (262 N. Y. 32) and in *Matter of Kidd* (188 id. 274). In the *Seitz* case the promise by the decedent was based on an antenuptial agreement whereby the husband of the decedent promised to bequeath to the wife a sum of money in the event that she survived him and lived for a period of six months after his death. The Court of Appeals held that, under the language of the Tax Law, the antenuptial agreement was not based on a consideration measurable "in money or money's worth." The court indicated that the source of the fund from which the

bequest was to be paid was part of the gross estate under section 249-r of the new Inheritance Tax Law, enacted in 1930, and that the obligation to bequeath was not a debt deductible from the gross estate under the provisions of section 249-s.

In *Matter of Kidd* (*supra*) there was again involved an antenuptial agreement in which the husband, the testator, agreed to devise and bequeath all his property to his stepdaughter. The contract was valid and enforcible. It had been so determined by a judgment of the Supreme Court recovered by the stepdaughter against the estate. At the time of the making of the antenuptial agreement the wife had paid a substantial consideration to the husband. The Court of Appeals pointed out that even though the original agreement between the husband and wife was enforcible as against the estate in favor of the stepdaughter, the transaction involved a gift by will. The agreement was not a contract to convey, but a promise to make a will in favor of the beneficiary. It was immaterial that the husband had not provided for the stepdaughter in his will, or that the judgment of the Supreme Court gave legal recognition to her rights against the estate. The estate was subject to tax in either case. The amount of the claim was not deductible. Although the judgment had determined the stepdaughter's right to the entire estate, the Court of Appeals held that the succession was taxable.

So, in the pending case, if the wife, the decedent here, had not made a will to carry out the terms of the separation agreement, the children might have enforced the terms of the agreement in an appropriate action. Despite this right, the property passed as part of the gross estate of the decedent at the moment of her death and thereby became subject to a tax. The particular promise of the wife, involving her obligation to bequeath, is separate and apart from the provisions made by the husband for her benefit in lieu of alimony. In *Matter of Fuller* (151 Misc. 387; affd., 242 App. Div. 623) I held that as between the husband and wife a separation agreement which provided for the support of the wife after the husband's death constituted the basis for a liability against his estate. The present value of the separation allowance fixed in the agreement was determined to be a proper deduction. It is unnecessary to discuss here whether, as the Tax Commission now claims, the effect of that decision has been modified or nullified by the amendments to sections 249-r and 249-s of the Tax Law made by the Legislature in 1934 (Laws of 1934, chap. 639, in effect May 8, 1934). These amendments, it is claimed, imposed upon the estate the burden of proving that a promise or agreement was founded upon " adequate and full consideration in money or money's worth "

in order to obtain a deduction. There was also inserted a new subdivision 12, in section 249-r, which provided that a relinquishment of dower and other marital rights in a decedent's property should " not be considered to any extent a consideration ' in money or money's worth.' " We are not dealing in the present case with a claim asserted by the wife against the husband's estate and the new subdivision 12 is not applicable. Here, only the estate of the wife is involved.

A very simple system for the avoidance of inheritance taxes would be possible if the contention of the executors here was approved. By using the device of a separation agreement, the husband or wife might add to it a promise by either to bequeath all or a substantial part of their property to the children and thereby relieve the estate from any taxation whatsoever. In a recent estate in this court, that of Irving I. Bloomingdale, the separation agreement between the husband and wife provided that the husband should bequeath the sum of $2,000,000, free from tax, to the son of the parties. The husband actually carried out his promise by his will. No dispute arose in that estate as to the taxability of the succession or the right of the estate to deduct the sum of $2,000,000 from the gross estate. There was no appeal from the order assessing a tax on the transfer to the son. Indeed, the Tax Law furnished no basis for the avoidance of the tax upon the fund covered by the agreement to bequeath. But the extent to which it would be possible to escape inheritance taxation by the device of a separation agreement is demonstrated by the size of the legacy just mentioned.

I hold, as a matter of law, that the fund of $100,000 must be included in the gross estate of the decedent and that the agreement of the decedent to bequeath that fund to the children was based upon no consideration, measurable in money or money's worth, within the meaning of the provisions of the Tax Law applicable to this estate. The property passed under the will of the decedent and is taxable in her estate.

The appeal is, therefore, denied.

Submit order on notice accordingly.